1

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (*Pro Hac Vice*)
2   Terri R. Hanley (*Pro Hac Vice*)
220 Montgomery Street, Suite 1920
3   San Francisco, CA 94104
Telephone:  (415) 955-1155
4   Facsimile:    (415) 955-1158

5   P.J. Perrino, Jr. (ME. Bar No. 1675)(*Local Counsel*)
128 State Street, P.O. Box 49
6   Augusta, Maine 04332-0049
Telephone:  (207) 622-1918
7   Facsimile:    (207) 622-4531

8   Attorneys for Defendant

9                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF MAINE**
10

11

12   **DAVID L. FREDRICK,**

13                    Plaintiff,

14           vs.

15   **ST. MATTHEW'S UNIVERSITY**
     **(CAYMAN LTD.),**
16
                    Defendant.
17

18

Case No. 06-CV-00052-DBH

**MOTION TO DISMISS OR TRANSFER
AMENDED COMPLAINT;
DECLARATION OF KARL S.
KRONENBERGER IN SUPPORT**

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1

**TABLE OF CONTENTS**

2   I. INTRODUCTION.............................................................................................1

3   II. Background ..................................................................................................1

4   III. This Action Should Be Dismissed Pursuant to the First-Filed Rule .......................4

5       A.   The First-Filed Rule.................................................................... 4

6       B.   The First-Filed Rule is Applicable................................................. 5

7       C.   There is No Basis to Depart from the First-Filed Rule ............................. 6

8           1.   There Was No "Race to the Courthouse" ....................................... 6

9           2.   The Balance of Convenience Weighs in Favor of the First-Filed Action in

10              Nevada ................................................................................. 6

11  IV.  This Action Should be Transferred to Nevada, Which is the Only Appropriate

12      Venue .....................................................................................................10

13  V.   Plaintiff's Action for Declaratory Relief Fails to State a Claim on Which Relief

14      May be Granted .................................................................................11

15  VI.  Rule 11 Sanctions Are Appropriate Due to Plaintiff's Bad Faith and Improper

16      Purpose Behind Filing of Complaint ...................................................11

17  VII.  CONCLUSION.............................................................................................12

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

i

1

# TABLE OF AUTHORITIES

## Cases

*Chavez v. Illinois State Police* (N.D.Ill.,1999)
   1999 WL 592187 .................................................................................10
*Cianbro Corp. v. Curran-Lavoie, Inc.* (1st Cir.1987)
   814 F.2d 7, 11 .....................................................................................4
*City of Los Angeles v. Lyons* (1983)
   461 U.S. 95, 102 ................................................................................10
*Coady v. Ashcraft & Gerel* (1st Cir.2000)
   223 F.3d 1, 11 .....................................................................................4
*Dupre v. Spanier Marine Corp.* (S.D. Tex. 1993)
   810 F. Supp. 823, 825-26 ...................................................................9
*Earnest v. Lowentritt* (5th Cir. 1982)
   690 F.2d 1198, 1203 .........................................................................10
*Feinstein v. Brown* (D.R.I.2004)
   304 F.Supp.2d 279, 283 .....................................................................5
*Gulf Oil Corp. v. Gilbert* (1947)
   330 U.S. 501, 508 ...............................................................................4
*Holmes Group, Inc. v. Hamilton Beach/Proctor Silex* (D.Mass.2002)
   249 F.Supp.2d 12, 16 ......................................................................5, 6
*International Harvester Co. v. Deere & Co.* (7th Cir. 1980)
   623 F.2d 1207, 1210 .........................................................................10
*Mag Instrument, Inc. v. Sears, Roebuck & Co.* (S.D. Tex. 1990)
   No. 1990 WL 124071, at *2 ..............................................................9
*Nortek, Inc. v. Molnar* (D.R.I.1999)
   36 F.Supp.2d 63, 65 ...........................................................................4
*SW Industries v. Aetna Cas. & Sur. Co.* (D.R.I.1987)
   653 F.Supp. 631, 637 .........................................................................6
*TPM Holdings, Inc. v. Intra-Gold Indus., Inc.* (1st Cir.1996)
   91 F.3d 1, 2 ........................................................................................4
*Transcanada Power Marketing, Ltd. v. Narragansett Elec. Co.* (D. Mass. 2005)
   402 F.Supp.2d 343, 347 ..................................................................4, 7
*Veryfine Products, Inc. v. Phlo Corp.* (D.Mass.2000)
   124 F.Supp.2d 16, 22- 25 ...................................................................5

## Statutes

28 U.S.C. § 2201 ...................................................................................10
28 U.S.C. § 1406(a) .................................................................................4

## Treatises

17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE
   ¶ 111.13 (3d ed.1997) ........................................................................6

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

**MOTION TO DISMISS**

1  **I.  INTRODUCTION**

2       Defendant St. Matthew's University (Cayman) Ltd. ("SMU") brings the following

3  motions (the "Motions"):  (1) a motion to dismiss the Amended Complaint (dated March

4  10, 2006) of Plaintiff David Fredrick ("FREDRICK") pursuant to Fed. R. Civ. Proc.

5  12(b)(3), 28 USC 1406(a) and the "first-filed rule," on the grounds that there is another

6  prior-existing action now pending in U.S. District Court of Nevada pertaining to the exact

7  issues of Plaintiff FREDRICK's Amended Complaint; (2) a motion pursuant to Fed. R.

8  Civ. Proc. 12(b)(6) that Plaintiff FREDRICK's Amended Complaint fails to state a claim

9  upon which relief can be granted; (3) should be Court not dismiss the Amended

10  Complaint due to improper venue or failure to state a claim, a motion pursuant to Fed. R.

11  Civ. Proc. 12(b)(3) and 28 USC 1404(a) to transfer venue to the District of Nevada; and

12  (4) a motion pursuant to Fed. R. Civ. Proc. 11 for sanctions against Plaintiff FREDRICK

13  for commencing this action and filing a complaint[1] after he had been served and had

14  appeared in a first-filed action in another Federal District on the exact same legal and

15  factual issues.

16  **II.  BACKGROUND**

17       On July 7, 2005, SMU filed action (Case No. CV-S-05-0848-RCJ(LRL)) in the

18  District of Nevada (the "Nevada Action") against the Association of American

19  International Medical Graduates, Inc. ("AAIMG") and its officers.[2]  The complaint in the

20  Nevada Action alleged, among other things, deceptive trade practices, fraud, and

21  defamation.  SMU's complaint was filed conditioned upon SMU's simultaneously filed *ex*

22  *parte* motions for expedited service, for filing under seal, and for orders for the

23  preservation of evidence, which were granted upon hearing; orders thereon were

24

25  [1] Plaintiff's initial complaint in the present action was filed one day prior to his Amended Complaint, on March 9, 20006.

26  [2] Defendant SMU has filed together with these motions a Request For Judicial Notice of
27  Court Documents, District of Nevada (Case No. CV-S-05-0848-BES-LRL); and Declaration of Karl S. Kronenberger In Support Thereof ("Kronenberger Decl."), (the
28  "Request"), which attaches the case documents from the Nevada Action discussed herein, which are incorporated by reference.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

1    entered and SMU's Complaint was filed July 12, 2006. Pursuant to those orders, the

2    entire Nevada Action was filed under seal, and the Court authorized *ex parte*, pre-

3    service discovery to allow SMU to ascertain the true identities of the individuals behind

4    AAIMG. *See St. Matthew's University School of Medicine (Cayman) v. Association of*

5    *American International Medical Graduates, et. al.*, Case No. CV-S-05-0848-RCJ(LRL)

6    (D.Nev. 2005); Request, Ex. A.)

7        After extensive discovery efforts on the part of SMU, it amended its complaint in

8    the Nevada Action to name additional defendants, including the Plaintiff in the present

9    case, FREDRICK, and FREDRICK's wife, Dr. Patricia Hough ("HOUGH").  SMU's First

10    Amended Complaint in the Nevada Action, dated October 28, 2006 (the "Nevada FAC"),

11    includes allegations of falsification of documents submitted to the Secretary of State of

12    Nevada, and violations of the Lanham Act, section 43, 15 U.S.C. § 1125, in the form of

13    false statements in advertising and false designation of origin.  (Request, Ex. A, ¶¶ 12-

14    18.)  SMU also alleges that Plaintiff FREDRICK and his wife HOUGH conspired together

15    and with the other named Nevada defendants to commit such acts, and that each is the

16    agent of the other.  (Request, Ex. A, ¶ 12.)  In recent filings by SMU in the Nevada

17    Action, SMU alleged and submitted documents in support of allegations that a significant

18    amount of the operations and fraudulent activities of the defendants in the Nevada

19    Action occurred through the use of a computer in the residence of FREDRICK and his

20    wife, using an Internet access account containing FREDRICK's name, accessed by dial-

21    up modem via a telephone line and number located at FREDRICK's residence and

22    registered under the name of FREDRICK's wife, HOUGH.  (Request, Ex. D.)

23        SMU served FREDRICK in the Nevada Action on December 30, 2005,

24    FREDRICK officially appeared in the Nevada Action, and FREDRICK filed several

25    motions in the Nevada Action, including a motion to dismiss for lack of personal

26    jurisdiction, dated February 15, 2006.  (Request, Ex. C.)  Briefing on FREDRICK's

27    Nevada motions has been completed and the matter is now pending before Judge Brian

28    Sandoval in the District Court of Nevada (no hearing has yet been noticed).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

1  FREDRICK's wife, HOUGH, made no challenge to personal jurisdiction in Nevada

2  and appeared by answer filed, and motions on venue and upon Rule 12(b)(6).

3  (Request, Ex. I.)

4  In addition to his appearances and motion practice in the Nevada Action more

5  than two months prior to the present case, since before his service in the Nevada Action,

6  FREDRICK was engaged in extensive settlement discussions with SMU over the course

7  of weeks.  (Kronenberger Decl., ¶ 4.)  Also, upon motion by SMU, the Court in the

8  Nevada Action has ordered that the seal in that case be lifted, as the purpose of the seal

9  was to enable SMU to identify and serve FREDRICK and the other defendants, who had

10  engaged in a pattern of fraud and who were actively hiding their true identities.

11  (Request, Ex. G.)

12  More than two months after FREDRICK had been served and had appeared in

13  the Nevada Action, on March 9, 2006, FREDRICK filed the present action (the "Action"),

14  by complaint seeking declaratory relief on the exact issues that are being litigated in the

15  Nevada Action – without reference to or disclosure of the Nevada Action whatsoever.

16  One day later, on March 10, 2006, FREDRICK amended his complaint in the present

17  action to reference the Nevada Action.  (FREDRICK's Amended Complaint for

18  Declaratory Relief, ¶ 8.)

19  At no time did FREDRICK provide notice to the District Court in Nevada of

20  FREDRICK's present second-filed Action for declaratory relief in Maine.  Neither has

21  FREDRICK filed a motion in the Nevada Action to transfer venue of the Nevada Action

22  to this Court in Maine, but instead argued to the Nevada Court that either Florida or

23  Massachusetts would be better venues that Nevada.  (Request, Ex. C, p. 9.)

24  FREDRICK's complaint and amended complaint in the present Action, attaches a

25  letter from SMU's counsel to FREDRICK's counsel, dated December 5, 2005.

26  Specifically, the letter contains a recitation of damages incurred by SMU resulting from

27  FREDRICK's wrongful and illegal acts and those of FREDRICK's co-defendants in the

28  Nevada Action.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

1    SMU brings this motion to dismiss this Action as an action that is duplicitous of

2  the first-filed Nevada Action, which encompasses all of the issues in the Action.  SMU

3  also brings this motion to dismiss the Action because there is no actual and present

4  controversy between the parties for the purposes of an action for declaratory relief in

5  Maine.  Lastly, SMU requests under Rule 11 that the Court order FREDRICK to pay

6  sanctions, attorneys fees and costs incurred by SMU in defending this Action, as this

7  Action was clearly inappropriately filed.

8  **II.  This Action Should Be Dismissed Pursuant to the First-Filed Rule**

9        **A.    The First-Filed Rule**

10       Section 1406(a) of title 28 of the US Code provides grounds for a dismissal or

11 transfer of an action in any instance when venue is improper.  Grounds for dismissal

12 under this section include, among other grounds, violation of the "first-filed rule."  Under

13 the "first-filed rule," preference is given to the first of two duplicative actions proceeding

14 in different federal courts.  "Where identical actions are proceeding concurrently in two

15 federal courts, entailing duplicative litigation and a waste of judicial resources, the first

16 filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp. v.*

17 *Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987); *see Gulf Oil Corp. v. Gilbert*, 330 U.S.

18 501, 508 (1947) (the "plaintiff's choice of forum should rarely be disturbed").  The first-

19 filed rule has been fully recognized in the First Circuit.  *See, e.g., Coady v. Ashcraft &*

20 *Gerel*, 223 F.3d 1, 11 (1st Cir.2000) (federal courts in Massachusetts and Washington,

21 D.C.); *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 2 (1st Cir.1996) (federal

22 courts in New Hampshire and Texas); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7,

23 11 (1st Cir.1987) (federal courts in New Hampshire and Maine); *Nortek, Inc. v. Molnar*,

24 36 F.Supp.2d 63, 65 (D.R.I.1999) (federal courts in Rhode Island and New York).

25       There are two exceptions to the first-filed rule.  The first exception is when there

26 are "special circumstances" justifying a transfer to the forum of the latter-filed action,

27 such as where the party bringing the first-filed action engaged in misleading conduct in

28 order to prevail in a pre-emptive "race to the courthouse."   The second exception is for

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

1   actions where the "balance of convenience substantially favors the second-filed action."

2   *Transcanada Power Marketing, Ltd. v. Narragansett Elec. Co.*, 402 F.Supp.2d 343, 347

3   (D. Mass. 2005)(*citing Feinstein v. Brown*, 304 F.Supp.2d 279, 283 (D.R.I.2004); *Holmes*

4   *Group, Inc. v. Hamilton Beach/Proctor Silex*, 249 F.Supp.2d 12, 16 (D.Mass.2002);

5   *Veryfine Products, Inc. v. Phlo Corp.*, 124 F.Supp.2d 16, 22- 25 (D.Mass.2000)).

6          **B.      The First-Filed Rule is Applicable**

7          SMU filed its action in Nevada on July 5, 2005.  (Request, Ex. C.)  When it had

8   identified FREDRICK and the other defendants who had hidden their identities, SMU

9   amended its complaint on October 28, 2005, naming, among other defendants,

10   FREDRICK.  FREDRICK received notice of the Nevada Action in November 2005, by

11   way of a copy of the amended complaint delivered to his attorney, Michael Angelini.

12   Throughout December, FRECKRICK negotiated with SMU on settling this matter.

13   (Kronenberger Decl. ¶ 4.)  On December 30, 2005, FREDRICK was served in the

14   Nevada Action, after which FREDRICK continued to negotiate with SMU regarding

15   settlement.  (Request, Ex. B.)  On February 15, 2006, FREDRICK appeared in the

16   Nevada Action by filing various motions to dismiss.  (Request, Ex. C.)

17          On March 9, 2006, FREDRICK filed his action for declaratory relief in Maine (the

18   "Action"), which was more than four months after SMU filed the Nevada Action, more

19   than two months after FREDRICK had been served in the Nevada Action, and more

20   than one month after FREDRICK had appeared in the Nevada Action.

21          The Action seeks declaratory relief on allegations that are completely contained in

22   the Nevada Action.  Importantly, FREDRICK attaches to his complaint in the Action a

23   letter from SMU's counsel to FREDRICK detailing damages contained in allegations in

24   the Nevada Action (Kronenberger Decl. ¶ 5), and but for the allegations in the Nevada

25   Action, FREDRICK would not be seeking declaratory relief in the Maine Action.

26          Therefore, SMU's Nevada Action is clearly the first-filed action, and the Action is

27   clearly the second-filed action, seeking declaratory relief on issues that are completely

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

5

**MOTION TO DISMISS**

1  within the scope of the allegations in the Nevada Action.  For these reasons, the first-

2  filed rule applies in the present case.

3      **C.    There is No Basis to Depart from the First-Filed Rule**

4          **1.    There Was No "Race to the Courthouse"**

5          There are no facts to support any allegation that there was a "race to the

6  courthouse" in this matter.  In fact, due to the seal order in the case, FREDRICK could

7  not have known the content of the initial complaint in the Nevada Action filed on July 7,

8  2005 and amended on October 28, 2005, until SMU provided FREDRICK's attorney a

9  "courtesy copy" of the amended complaint in November 23, 2005.  FREDRICK and his

10  attorneys refused to accept service of the amended complaint, and which forced SMU to

11  spend additional time and money on serving FREDRICK on December 30, 2005, despite

12  FREDRICK having full notice of the Nevada Action for over one month prior to service.

13  (Kronenberger Decl. ¶ 3)  Simply put, there was no race to the courthouse on this

14  matter.

15          **2.    The Balance of Convenience Weighs in Favor of the First-Filed**

16      **Action in Nevada**

17          The second exception to the first-filed presumption is where "the defendant [can]

18  show that its choice of forum is substantially more convenient than that chosen by the

19  plaintiff." *Holmes Group*, 249 F.Supp.2d at 17.  In determining the relative convenience

20  of the two options, the Court may look to cases arising under the common-law doctrine

21  of *forum non conveniens* or the statutory provision for transfer of venue, 28 U.S.C. §

22  1404(a).  *See, e.g., SW Industries v. Aetna Cas. & Sur. Co.*, 653 F.Supp. 631, 637

23  (D.R.I.1987); *see also* 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL

24  PRACTICE ¶ 111.13 (3d ed.1997) (citing factors under § 1404(a) and noting that those

25  factors "are generally the same" as those considered under *forum non conveniens*

26  doctrine).

27          There are five factors that bear on the issue of the relative convenience of the two

28  forums: (1) the relative convenience of the parties; (2) the convenience of the witnesses

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1   and location of documents; (3) any connection between the forum and the issues; (4) the

2   law to be applied; and (5) the state or public interest at stake. *See Holmes Group*, 249

3   F.Supp.2d at 17 (citing factors).  The sixth factor, the choice of forum by the plaintiff, is

4   generally not considered when the plaintiff initiated the second-filed action.  *See*

5   *Transcanada Power, supra*, nt. 15 (explaining how considering this factor would be

6   "somewhat circular").

7                              **a. The Relative Convenience of the Parties**

8          SMU filed the Nevada Action in Nevada because the "straw man" corporate

9   façade, through which all of the fraud, defamation and deceptive practices were

10  committed, was a Nevada corporation.  (Request, Ex. A ¶¶ 12-18.)  The identities of the

11  true defendants were not known at the time of filing of the Nevada Action.  (*Id.* ¶¶ 48-56)

12  The court in the Nevada Action ordered the case filed under seal, and permitted

13  significant *ex parte*, pre-service discovery, in order to allow SMU to identify and serve

14  defendants who were actively concealing their identities.  (Kronenberger Decl. ¶ 6)  SMU

15  has litigated this matter for nine months in Nevada, and the court in the District of

16  Nevada has governed litigation of this case for nine months.

17         The primary corporate defendant, AAIMG, is a Nevada corporation, and three of

18  the individuals named as defendants in the Nevada Action identify Nevada as their only

19  mailing address.  The court in the Nevada Action ordered that service on several of the

20  defendants be effected by service upon Nevada counsel for AAIMG.  (Request, Ex. H.)

21         Regarding the State of Maine, FREDRICK does not allege any connection of

22  SMU to the State of Maine that is in any way related to the allegations of the Nevada

23  Action or the present Action.  (See FREDRICK's Amended Complaint for Declaratory

24  Relief, ¶¶ 4-5.)

25         Lastly, FREDRICK has not alleged that there is anything about the Maine that

26  makes Maine a more convenient venue for him.  FREDRICK states that he is a Florida

27  resident, and FREDRICK's business involves owning and operating Caribbean medical

28

7

**MOTION TO DISMISS**

1   schools. (FREDRICK's Amended Complaint for Declaratory Relief, ¶ 1; Request, Ex. A,

2   ¶ 3f.)

3       For the forgoing reasons, the balance of convenience of the plaintiff, multiple co-

4   defendants of FREDRICK and FREDRICK all weigh in favor of litigating this action in

5   Nevada.

6                   **b. The Convenience of the Witnesses and Location of**

7                   **Documents**

8       SMU has alleged that the primary tool in the pattern of fraud, deception and

9   defamation by the defendants in the Nevada, that spanned a course of years, was a

10  Nevada corporation.  Through this Nevada corporation, the defendants were able to hide

11  their identities for years.  SMU has alleged that the defendants falsified documents, and

12  submitted these documents with fake signatures, under penalty of perjury, to the

13  Secretary of State of Nevada.  These filings occurred annually over the course of years.

14  (Request, Ex. A, ¶ 66.)  SMU has also alleged that the resident agent of AAIMG was

15  also a key tool of the defendants in operating their scheme.  (Request, Ex. A, ¶ 49.)

16      Witnesses and documents related to the falsified corporate documents are

17  located in Nevada.  The Nevada Secretary of State is obviously in Nevada, and resident

18  agent for AAIMG is also in Nevada.  Importantly, the only addresses and locations for

19  many of the witnesses and documents in this matter are in Nevada.

20      There are no witnesses or documents related to this matter that are alleged to

21  reside or exist in Maine.

22      For the forgoing reasons, the balance of convenience on the issue of witnesses

23  and documents weights in favor of litigating this action in Nevada.

24                  **c. Any Connection Between The Forum and the Issues**

25      There is a clear connection between the forum of Nevada and the issues of this

26  matter.  SMU has alleged violations of the Nevada Deceptive Trade Practices Act, and

27  AAIMG being a corporation formed and operated under the laws of Nevada, the forum of

28  Nevada is necessarily connected to this litigation.  (Request, Ex. A, ¶ 117-120.)

**MOTION TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**d. The Law to be Applied**

As stated in subsection (c) above, the law of Nevada is important to this litigation due both to allegations of violations of Nevada law and to AAIMG being formed by FREDRICK and the other defendants under the laws of Nevada.

**e. The State or Public Interest at Stake.**

Nevada has a great interest in having this litigation occur in the State of Nevada because the allegations involve fraud and falsified documents submitted to official governmental authorities in Nevada.

For the forgoing reasons, the balance of convenience weighs in favor of SMU and the forum of Nevada on all of the above factors.  As a result, there are no grounds for an exception to the first-filed rule based on arguments of convenience.

**III.   This Action Should be Transferred to Nevada, Which is the Only Appropriate Venue**

Section 1404(a) of chapter 28 of the US Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 USC § 1404(a).

In determining whether to transfer based on Section 1404(a), courts consider several factors, including (1) the plaintiff's choice of forum, (2) the possibility of delay and prejudice if a transfer is granted, (3) the convenience of the parties, (4) the convenience of the witnesses and the availability of process to compel the presence of witnesses, (5) the place of the alleged wrong, (6) the location of documentary evidence, and (7) the location of counsel, and the costs and expenses involved.  *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825-26 (S.D. Tex. 1993); *Mag Instrument, Inc. v. Sears, Roebuck & Co.*, No. 1990 WL 124071, at *2 (S.D. Tex. 1990).

Five of these seven factors were addressed, *supra*, with the exception of the location of counsel, and the costs and expenses involved.  Regarding the issue of counsel, costs and expenses, all the other parties in the Nevada Action who have

9

1 appeared are currently represented by counsel in Nevada.  Further, there is no party,

2 including FREDRICK, who has asked the court in Nevada to transfer venue to Maine.

3 To bifurcate this action into two forums, one in Nevada and one in Maine would

4 unnecessarily increase costs and duplicate discovery efforts.

5      For the forgoing reasons, the Section 1404(a) factors in the case at hand weigh in

6 favor of litigating this action in Nevada.

7 **IV. Plaintiff's Action for Declaratory Relief Fails to State a Claim on Which Relief**

8 **May be Granted**

9      A complaint in a declaratory relief action must allege: (1) facts showing existence

10 of an actual controversy; (2) regarding a matter or claim that is otherwise within federal

11 court subject matter jurisdiction.  28 U.S.C. § 2201; *International Harvester Co. v. Deere*

12 *& Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980).  There is an implicit requirement that the

13 "actual controversy" relate to a claim upon which relief could be granted.  *Earnest v.*

14 *Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982).

15      Furthermore, it is well-established that the presence of a past wrong does not, in

16 and of itself, show a present case or controversy meriting declaratory relief.  *City of Los*

17 *Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Importantly, *Lyons* carefully "distinguished

18 between standing for damages claims (which is based on past events) and standing for

19 injunctive [and declaratory] relief (which is based on concrete allegations of future

20 harm)."  *Chavez v. Illinois State Police*, 1999 WL 592187 (N.D.Ill.,1999).

21      While declaratory relief operates prospectively only and is not designed to

22 address past wrongs, FREDRICK in the Maine Action has alleged conduct that is

23 exclusively comprised of past wrongs.  Additionally, the letter from SMU's counsel that

24 FREDRICK attached to his action for declaratory relief is merely a recitation of past

25 damages resulting from FREDRICK's misconduct.   (Kronenberger Decl. ¶ 5.)

26 Furthermore, the defendants in the Nevada Action have taken down their website, have

27 transferred their domain name (AAIMG.com) away to a third party, and have stated that

28 AAIMG is no longer operating.  (Kronenberger Decl. ¶ 7.)

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1   Therefore, as FREDRICK's action for declaratory relief relates only to past

2   wrongs and damages arising from past wrongs, FREDRICK does not have standing to

3   make a claim for declaratory relief.

4   **V.   Rule 11 Sanctions Are Appropriate Due to Plaintiff's Bad Faith and Improper**

5   **Purpose Behind Filing of Complaint**

6   FREDRICK filed this Action for improper purposes, and such improper purposes

7   are grounds for sanctions.  Federal Rule of Civil Procedure 11 reads, in part, as follows:

8   (b) Representations to Court. By presenting to the court (whether by signing,

9   filing, submitting, or later advocating) a pleading, written motion, or other paper,

10   an attorney … is certifying that to the best of the person's knowledge, information,

11   and belief, formed after an inquiry reasonable under the circumstances, …(1) it is

12   not being presented for any <u>improper purpose, such as to harass or to cause</u>

13   <u>unnecessary delay or needless increase in the cost of litigation</u>;

14   Fed. Rule Civ. Proc 11 (emphasis added).

15   FREDRICK was served and had appeared in the Nevada Action, and FREDRICK

16   had negotiated settlement with SMU in the Nevada Action.  FREDRICK's complaint

17   requests declaratory relief on issues that are completely within the scope of the Nevada

18   Action, and FREDRICK knew that the Action would be duplicitous when he filed it.

19   FREDRICK knows there are no witnesses or documents in the State of Maine, or any

20   other reason why Maine could possibly be an appropriate venue for this litigation.

21   Due to FREDRICK's knowledge of the forgoing, FREDRICK's filing of the Action

22   was in bad faith.  Specifically, FREDRICK's motivation in filing this Action is to harass

23   SMU, cause unnecessary delay in the Nevada Action, and needlessly to increase the

24   cost of litigation of this matter.  Accordingly, SMU requests that the Court sanction

25   FREDRICK in the form of ordering FREDRICK to pay the attorneys fees and costs

26   incurred by SMU in defending this Action.

27

28

**MOTION TO DISMISS**

**VI.   CONCLUSION**

For the forgoing reasons, Defendant requests that the Court dismiss Plaintiff's complaint and amended complaint with prejudice, or, in the alternative, transfer venue of this Action to the District Court for the District of Nevada.

Respectfully Submitted,

DATED: April 4, 2006.

**KRONENBERGER HANLEY, LLP**

By:  /s/   Terri R. Hanley
    Terri R. Hanley
    Attorneys for Defendant
    ST. MATTHEW'S UNIVERSITY
    SCHOOL OF MEDICINE (CAYMAN )

By:_/s/_P.J. Perrino, Jr._____
    P.J. Perrino, Jr.
    Attorney for Defendant
    ST. MATTHEW'S UNIVERSITY
    SCHOOL OF MEDICINE (CAYMAN )

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MOTION TO DISMISS**

**CERTIFICATE OF SERVICE**

I am a resident of the State of Maine, over the age of eighteen years and not a party to this action.   My business address is 128 State Street, Augusta, Maine 04330.

On April 4, 2006, I served the following document(s):

**1.  MOTION TO DISMISS OR TRANSFER AMENDED COMPLAINT;
     DECLARATION OF KARL S. KRONENBERGER IN SUPPORT**

on the parties listed below as follows:

**BARRY A. BACHRACH**
Bowditch & Dewey, LLP
311 Main Street
PO Box 15156
Worcester, MA 01615-0156
Fax:  508-929-3003
Counsel for Defendant FREDRICK

| | |
|---|---|
| ☐ | BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy thereof via an electronic facsimile machine to the fax number listed herein. |
| X | BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in Augusta, Maine, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing. |
| ☐ | BY PERSONAL SERVICE, by personally delivering a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| ☐ | BY OVERNIGHT DELIVERY containing a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| ☐ | BY EMAIL to the addresses listed above. |
| ☐ | (State) I declare under penalty of perjury under the laws of the State of Maine that the foregoing is true and correct. |
| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

/s/  Marcia Kulpa
Marcia Kulpa

1

**CERTIFICATE OF SERVICE**