## THE COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

On this _10_ day of _Feb_ 2006, before me, the undersigned notary public, personally appeared _David Frederick_ proved to me through satisfactory evidence of identification, which was ☐ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☑ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document(s), and acknowledged to me that (he/she) signed it voluntarily for its stated purpose. ~~(as attorney in fact for _____.).~~

(official seal)

_____
Notary Public

My commission expires:

MICHAEL P. ANGELINI
NOTARY PUBLIC
MY COMMISSION EXPIRES: DECEMBER 17, 2010

{Client Files\LIT\305173\0001\00641564.DOC;3}

1

<u>**CERTIFICATE OF MAILING**</u>

2      I hereby certify that on this 14 day of February, 2006, I did deposit in the United States

3

4  Post Office, with postage fully prepaid thereon, a copy of the above and foregoing

5  **DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S**

6  **COMPLAINT; AFFIDAVIT OF DAVID L. FREDRICK** addressed to:

7

8  Mark G. Tratos, Esq.                    Karl S. Kronenberger, Esq.
9  F. Christopher Austin, Esq.             Terri R. Hanley, Esq.
   Ronald D. Green, Jr., Esq.              KRONENBERGER & ASSOCIATES
10 GREENBERG TRAURIG LLP                   220 Montgomery St., Ste. 1920
   3773 Howard Hughes Pkwy., Ste. 500N     San Francisco, CA 94104
11 Las Vegas, NV 89109                     *Attorney for Plaintiff*
   *Attorney for Plaintiff*
12

13

14

15 _____
   An Employee of ALVERSON, TAYLOR,
16 MORTENSEN & SANDERS

17

18
   N:\bruce.grp\7-client\15989\15989Motion to Dismiss.Fredrick.wpd
19

20

21

22

23

24

25

26

27

28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

16

**EXHIBIT D**

Consolidated Opposition to Defendant David L. Fredrick's Motion to Dismiss Plaintiff's Complaint and Defendant Patricia Hough's, and Defendant AAIMG's Motion to Dismiss the Second, Third, Fifth and Sixth Claim filed by Plaintiff St. Matthew's University (Cayman Ltd.) on March 7, 2006

COPY

**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Ronald D. Green, Jr. (Bar No. 7360)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (Bar No. 226112) (*pro hac vice*)
Terri R. Hanley (Bar No. 199811) (*pro hac vice*)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff

FILED ---RECEIVED
--ENTERED__ SERVED ON
COUNSEL/PARTIES OF RECORD

2006 MAR -7 P 2: 28

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

**ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,**

                    Plaintiff,

        vs.

**SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company, et al,**

                    Defendants.

Case No. CV-S-05-0848-BES

**CONSOLIDATED OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND DEFENDANT PATRICIA HOUGH'S, AND DEFENDANT AAIMG'S MOTION TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM**

**<u>FILED UNDER SEAL</u>**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1

Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. ("ST. MATTHEW'S"), by and through their counsel of record, hereby makes a consolidated response and opposition to (1) Defendant David Fredrick's ("FREDRICK") MOTION TO DISMISS PLAINTIFF'S COMPLAINT (pursuant to federal rules of civil procedure 12(b)(2), (3) & (6), dated February 14, 2006; (2) Defendant Patricia Hough's ("HOUGH") MOTION TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM (pursuant to federal rules of civil procedure 12(b)(3)&(6)) dated February 14, 2006; and (3) Defendant Association of American International Medical Graduates, Inc.'s ("AAIMG") MOTION TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM (pursuant to federal rules of civil procedure 12(b)(3) & (6)) dated February 14, 2006.  Defendants FREDRICK, HOUGH and AAIMG (collectively, the "Defendants") all make substantially similar arguments under 12(b)(3)&(6), and only Defendant FREDRICK makes an argument under 12(b)(2). In the interests of economy, Plaintiff has consolidated its oppositions into the one present document.

///

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

**TABLE OF CONTENTS**

**I. THE COURT HAS PERSONAL JURISDICTION OVER**

**DEFENDANT FREDRICK.............................................................................3-11**

    A.  Standard of Review:  Facts Alleged Must Be Taken as True, and Conflicts of

        Fact Must Be Resolved in Favor of Plaintiff............................................................4-5

        1.  Defendant Fredrick Has Purposefully Availed Himself of the Privilege of

            Conducting Business in the State of Nevada.................................................5-7

        2.  FREDRICK'S Affidavit is Insufficient to Refute Plaintiff's Allegations...............7

        3.  Notwithstanding the Insufficiency of FREDRICK'S Affidavit, Such Affidavit is

            Contradicted By Evidence, Which Must Be Resolved in Favor of ST.

            MATTHEW's................................................................................................7-9

        4.  Plaintiff's Claims Clearly Arise Out of Defendant's

            Forum-Related Activities ...............................................................................9

        5.  Exercise of Jurisdiction is Reasonable ......................................................9-11

**II.  PLAINTIFF HAS PLEADED SUFFICIENT FACTS FOR VENUE TO LIE IN THE**

**DISTRICT OF NEVADA..........................................................................................11-12**

**III.  PLAINTIFF ST. MATTHEW'S HAS STANDING TO SUE UNDER SECTION 43(a)**

**OF THE LANHAM ACT (15 USC §1125(a)) ...........................................................12-17**

    A.  Foreign Nationals Unequivocally Have Standing To Sue Under Section 43(a) of

        the Lanham Act (15 USC §1125(a)) ................................................................13-15

    B.  Plaintiff ST. MATTHEW'S has Alleged Unlawful Actions of Defendants That Are

        "In Commerce" in the United States, Placing Plaintiff's Allegations Squarely

        Within the Purview of Section 43a of the Lanham Act......................................15-16

    C.  Plaintiff ST. MATTHEW'S Has Never Alleged a Cause of Action under 15 USC §

        1126(b) & (h) as Defendants Infer ........................................................................16

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

i

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

D.  Section 44 of the Lanham Act (15 USC § 1126) Relates to Protection for Trademarks Registered in Foreign Countries, and Is Inapplicable to the Case at Hand ................................................................................................................17

**IV.  PLAINTIFF ST. MATTHEW'S HAS SUFFICIENTLY PLEADED A CAUSE OF ACTION UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT ..................18-20**

**V.  PLAINTIFF ST. MATTHEW'S HAS SUFFICIENTLY PLEADED A CAUSE OF ACTION UNDER THE CALIFORNIA COMPUTER CRIMES ACT.............................20-22**

A.  Defendants Refer to a Superseded Section of the California Computer Crimes Act in Arguing that a Conviction is a Prerequisite to a Private Right of Action ............................................................20-21

B.  Plaintiff Has Alleged Sufficient Facts Involving Fraud Under the California Computer Crimes Act to Support a Civil Cause of Action......................................21

C.  Plaintiff Has Alleged Sufficient Facts Related to the State of California ..........21-22

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

ii

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1

# TABLE OF AUTHORITIES

2

## Cases

3

*AT&T v. Compagnie Bruxelles Lambert* (9th Cir. 1996)
    94 F.3d 586, 588 ...................................................................................4

4

*Burger King Corp. v. Rudzewicz* (1985)
    471 U.S. 462, 475...............................................................................5

5

*Compuserve, Inc. v. Patterson* (6th Cir. 1996)
    89 F.3d 1257, 1262 ...........................................................................4

6

*Core-Vent Corp. v. Nobel Indus. AB* (9th Cir 1993)
    11 F.3d 1482, 1488 ...........................................................................10

7

*Cybersell, Inc. v. Cybersell, Inc* (9th Cir. 1997)
    130 F.3d 414, 418-20 ......................................................................6-7

8

*Data Disc, Inc. v. Sys. Tech. Assocs.* (9th Cir. 1977)
    557 F2d 1280, 1285 ...........................................................................4

9

*Haisten v. Grass Valley Med. Reimbursement Fund* (9th Cir. 1986)
    784 F.2d 1392, 1397 ...........................................................................5

10

*Int'l Shoe Co. v. Washington* (1945)
    326 U.S. 310, 316................................................................................4

11

*International Café, S.A.L. v. Hard Rock Café Intern. (U.S.A.), Inc.* (11th Cir.2001)
    252 F.3d 1274, 1278 .........................................................................17

12

*Johnson & Johnson v. Carter-Wallace, Inc.* (2d Cir.1980)
    631 F.2d 186, 190 .............................................................................15

13

*L'Aiglon Apparel v. Lana Lobell, Inc.* (3d Cir.1954)
    214 F.2d 649, 650 .............................................................................14

14

*Logan Productions, Inc. v. Optibase, Inc.* (7th Cir. 1996)
    103 F.3d 49, 52 ...................................................................................4

15

*Menendez v. Faber, Coe & Gregg, Inc.* (S.D.N.Y.1972)
    345 F.Supp. 527, 558 .......................................................................14

16

*Menendez v. Faber, Coe & Gregg, Inc.* (2d Cir. 1973) - *modified*
    485 F.2d 1355 ...................................................................................14

17

*Nevada Power v. Eighth Dist. Court* (2004)
    102 P.3d 578......................................................................................18

18

*Noone v. Banner Talent Associates, Inc.* (D.C.N.Y. 1975)
    398 F.Supp. 260, 262 ..................................................................14, 16

19

*Omeluk v. Langsten Slip & Batbyggeri A/S* (9th Cir. 1995)
    52 F.3d 267, 268 .................................................................................4

20

*Panavision Int'l, L.P. v. Toeppen* (9th Cir 1998)
    141 F.3d 1316, 1322 ...........................................................................9

21

*People v. Gentry* (App. 4 Dist. 1991)
    285 Cal.Rptr. 591, 234 Cal.App.3d 131, 140-141.................................22

22

*People v. K. Sakai Co.* (1976)
    56 Cal.App.3d 531...........................................................................21

23

*People v. McKale* (Cal. 1979)
    25 Cal.3d 626, 633 ...........................................................................21

24

*Piper Aircraft Co. v. Reyno*
    454 U.S. 235, 241 nt. 6......................................................................12

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

*Resuscitation Technologies, Inc. v. Continental Health Care Corp.* (S.D. Ind. 1997)
   1997 WL 148567 ........................................................................................... 7
*Rio Properties, Inc. v. Rio International Interlink* (9th Cir. 2002)
   284 F.3d 1007, 1019 ..........................................................................4-5, 10
*Scotch Whiskey Association v. Barton Distilling Company* (N.D.Ill.1971)
   338 F.Supp. 595, 598-599 ........................................................... 14, 17
*Scotch Whiskey Association v. Barton Distilling Company* (7th Cir. 1973) – *aff'd*
   489 F.2d 809 ............................................................................. 14, 17
*Spartan Chemical Co., Inc. v. Atm Enterprises* (N.D. Illinois 1986)
   1986 WL 2616 ...................................................................................... 14
*Turnock v. Cope* (7th Cir. 1987)
   816 F.2d 332, 333 ................................................................................. 4
*West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc.* (S.D.N.Y. 1991)
   761 F.Supp. 1041 ............................................................................... 14
*White v. Ford Motor Co.*
   312 F.3d 998, 1016 at n.68 ................................................................ 19

## Statutes

15 USC § 1121(a) ............................................................................... 13
15 USC § 1125(a) ......................................................................... 12-20
15 USC § 1125(a)(1) ........................................................................ 13
15 U.S.C. § 1125(a)(1)(A) ................................................................. 16
15 USC § 1126 ............................................................................ 16-17
15 USC § 1126(b) & (h) ............................................................... 16-17
15 USC § 1127 ................................................................................... 13
28 USC § 1391(b)(2) ......................................................................... 11
California Bus. & Prof. Code § 17200 ........................................... 21
California Penal Code § 502 ....................................................... 20-22
California Penal Code § 502(e)(1) .............................................. 20-21
California Penal Code § 502(j) ........................................................ 22
California Stats.2000, c. 635 (A.B.2727) ...................................... 21
Federal Rule of Civil Procedure 12(b)(2) ......................................... 4
Federal Rule of Civil Procedure 12(b)(3) ....................................... 11
Federal Rule of Civil Procedure 12(b)(6) .......................... 12,18, 20
Nev. Rev. Stat. § 14.065 .................................................................. 4
Nev. Rev. Stat. § 41.600 ................................................................ 19
Nev. Rev. Stat. § 41.600(1) ........................................................... 19
Nev. Rev. Stat. § 41.600(2)(d) ...................................................... 19
Nev. Rev. Stat. § 41.600(3) ........................................................... 18
Nev. Rev. Stat. § 598 ..................................................................... 18
Nev. Rev. Stat. § 598.0915 ...................................................... 18-20
Nev. Rev. Stat. § 598.0953 ............................................................ 18

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

iv

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1

## Secondary Authorities

2

4 Callman, Unfair Competition, Trademarks and Monopolies § 100.1(a),
at 844 (3d Ed. 1970) ..................................................................................................... 12

3

"Standing to Bring False Advertising Claim or Unfair Competition Claim Under §43(a)(1)
of Lanham Act (15 U.S.C.A. 1125(a)(1))," 124 ALR Fed 189, § 22 ................................... 14

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

v

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

**I.  THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT FREDRICK**

In light of the facts alleged, which must be taken as true, and as conflicting averments by Defendant FREDRICK must be resolved in favor of Plaintiff, Defendant FREDRICK's motion  to dismiss for lack of personal jurisdiction (for the immediate argument, the "Motion") must fail.

The minimal and carefully crafted Affidavit of Defendant FREDRICK in support of his motion to dismiss is insufficient to controvert the allegations of Plaintiff's First Amended Complaint ("FAC") such that personal jurisdiction can be defeated.  His "categorical" denials are not statements of evidentiary fact but conclusory ones, and do not serve to contradict ST. MATTHEW'S allegations.  His only statement of fact, regarding the number of visits made to Nevada, in no way counters the allegations of his wrongdoing which establish personal jurisdiction over him.

However, even should FREDRICK's unsubstantiated "categorical" denials be given evidentiary weight, FREDRICK's Motion must fail.  At the very least, his affidavit leaves uncontroverted the allegations that Defendant FREDRICK knew of the tortious acts of his alleged co-conspirators and the effects of such acts in the State of Nevada, and that he (or his co-conspirators) acted to maintain the corporate entity Defendant AAIMG with State of Nevada – either of which  are sufficient to establish this Court's personal jurisdiction over him.

Furthermore, Plaintiff ST. MATTHEW'S herein provides evidence disproving such denials, and establishing that Defendant FREDRICK was actually involved in, conspired to, and/or aided and abetted and provided the means to commit the crimes and other wrongdoings alleged in ST. MATTHEW'S FAC.  These facts, which directly contradict FREDRICK'S statements, must be resolved in favor of ST. MATTHEW'S.

Lastly, should the record be found insufficient to establish the personal jurisdiction of this Court over Defendant FREDRICK, Plaintiff requests the right and opportunity to conduct discovery directed toward evidence of such a nature.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

3

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

**A.  Standard of Review:  Facts Alleged Must Be Taken as True, and Conflicts of Fact Must Be Resolved in Favor of Plaintiff.**

Where, as here, the Court receives only written submissions, a plaintiff need only make a prima facie showing of jurisdiction to avoid a defendant's motion to dismiss for lack of personal jurisdiction.  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995); *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F2d 1280, 1285 (9th Cir. 1977).  In determining whether Plaintiff has met this burden, uncontroverted allegations in Plaintiff's FAC must be taken as true, and conflicts between the facts contained in the parties' supporting affidavits must be resolved in ST. MATTHEW'S favor.  *AT&T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).  In fact, when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the court must not weigh the conflicting assertions of the parties.  *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Rather, all relevant factual disputes must be resolved in favor of ST. MATTHEW'S as the party invoking the Court's jurisdiction.  *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996) (*citing Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

To establish that personal jurisdiction over Defendant FREDRICK is proper, ST. MATTHEW'S must show that (1) Nevada's long-arm statute confers personal jurisdiction over FREDRICK; and (2) the exercise of jurisdiction comports with the constitutional principles of due process. *See Rio Properties, Inc. v. Rio International Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002), *citing Omeluk*, 52 F.3d at 269. Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution.  Nev. Rev. Stat. §14.065 (2003).  Hence, the only issue at hand is the constitutional principle of due process, which requires that FREDRICK have minimum contacts with Nevada, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction that can be established by a defendant's minimum contacts with a forum: specific or general.  Plaintiff does not

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

4

1   submit that general jurisdiction exists in the case at bar, based on information known by

2   the Plaintiff.

3   **B. The Court Has Specific Jurisdiction Over Defendant Fredrick.**

4   Specific jurisdiction is established here by application of a three-part test: (1)

5   FREDRICK must have performed some act or consummated some transaction with the

6   forum by which he purposefully availed himself of the privilege of conducting business in

7   Nevada ("purposeful availment"); (2) ST. MATTHEW'S claims directed at FREDRICK

8   must arise out of or result from his forum-related activities; and (3) the exercise of

9   jurisdiction must be reasonable. *Rio Properties, Inc. v. Rio International Interlink,* 284

10  F.3d 1007, 1019 (9th Cir. 2002), *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

11  475 (1985); *Haisten v. Grass Valley Med. Reimbursement Fund*, 784 F.2d 1392, 1397

12  (9th Cir. 1986).

13  **1. Defendant Fredrick Has Purposefully Availed Himself of the Privilege**
    **of Conducting Business in the State of Nevada.**

14  Contrary to Defendant's assertions, Plaintiff has alleged far more wrongdoing on

15  the part of FREDRICK and his co-defendants than "the simple action of incorporating an

16  entity in Nevada[.]" Mot., p. 5, line 5. Plaintiff has clearly plead the following acts on the

17  part of FREDRICK, amongst others:

18  - That FREDRICK actually did, or conspired to, fraudulently incorporate

19  Defendant AAIMG with the State of Nevada, and later acted to maintain that corporation

20  in Nevada;

21  – That FREDRICK did, or conspired to, create or adopt false identities (including

22  email addresses) which were posited as the officers of that corporation, representing

23  those identities to be in the State of Nevada;

24  – That FREDRICK conspired to and did use those fraudulent Nevada identities to

25  commit a variety of criminal and tortious acts with the intent and effect of injuring

26  Plaintiff, in Nevada and elsewhere, including operating Internet service accounts using

27  the Nevada identities;

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

5

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1   - That FREDRICK and his co-conspirators operated a website purporting to

2   represent a business located in and operating out of Nevada, and inviting

3   correspondence and communication there served by a mail box service retained in the

4   State;

5   – That FREDRICK did and conspired to use a Nevada mailing address and mail

6   box service to conduct fraudulent mailings designed to advertise and promote the

7   "AAIMG.com" website and the other false and harmful statements of FREDRICK and the

8   other Defendants elsewhere;

9   – That FREDRICK's acts, and those of his co-conspirators and co-defendants,

10  committed within and directed towards the State of Nevada served and were intended to

11  hide his identification and location from Plaintiff, from other targets of his wrong-doing,

12  and from investigatory agencies of the State.

13  (FAC, ¶¶ 65-67.)

14  Every fraudulent, wrongful, and tortious act alleged by Plaintiff against

15  FREDRICK stems from FREDRICK's tortious acts committed in, directed towards, or

16  with knowing effect in, the State of Nevada.  In all these ways, Defendant FREDRICK

17  purposefully availed himself of the benefits of doing business in the State of Nevada and

18  under its laws, abusing both in the process of furthering his tortious and criminal acts.

19  Far beyond the "passive website" discussed in the single case he cites in support

20  (*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997)[1]), here the

21  wrongs alleged far exceed a foreign web presence and include acts directed at and

22  occurring in the State of Nevada.[2]  In fact, in a more recent case discussing *Cybersell*,

23  _____

24  [1] In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997), the Ninth Circuit found no specific jurisdiction over a website advertiser, only where they had done nothing other than register a domain name and post an essentially passive website, and had done nothing to encourage residents of the forum state to access its site or to promote interaction with the forum state – unlike here.

25

26  [2] "Nor is there a requirement that nonresident defendants have entered the forum state, especially given instantaneous interstate electronic transmissions. Courts have found sufficient minimum contacts to exercise specific jurisdiction over a case or controversy arising from electronic contacts. . . . The fact that no defendant ever set foot in the forum state was irrelevant. The "footfalls" were not physical; they were electronic. They were, nonetheless, "footfalls." And, the level of Internet activity was significant. The e-

27

28

6

1    the Ninth Circuit <u>upheld</u> the District Court's finding of personal jurisdiction in a case with

2    even fewer contacts than the present one, where a defendant operated a website

3    concerning the Las Vegas, Nevada area, and conducted activities designed to draw

4    attention to that website, such as print advertising.  *Rio,* 284 F.3d at 1020-1021.

### 2. FREDRICK'S Affidavit is Insufficient to Refute Plaintiff's Allegations.

6    As cited above, for the purposes of determining personal jurisdiction, all

7    allegations in Plaintiff's FAC must be taken as true.  Furthermore, any contradictions <u>of</u>

8    <u>fact</u> must be resolved in favor of ST. MATTHEW'S as the non-moving party.  Section I.A,

9    *supra.*

10    FREDRICK's affidavit offered in support of his motion to dismiss for lack of

11    personal jurisdiction contains only two statements of fact pertinent to this discussion:

12    that he resides in Florida, and that he has only traveled to the State of Nevada twice.

13    *See* Affidavit of David L. Fredrick ("Fredrick Aff."), ¶¶ 2, 3.  As discussed above, neither

14    have any bearing upon Plaintiff's allegations supporting personal jurisdiction.

15    The remainder of FREDRICK's Affidavit, directed at the allegations at issue, are

16    purely conclusory statements and "categorical" denials, and offer no assertions of fact

17    that would serve to contradict Plaintiff's specific allegations.  *See* Fredrick Aff., ¶¶ 4-5.

18    As such, they should be disregarded in any contemplation of the merits of Defendant

19    FREDRICK's motion.

### 3.  Notwithstanding the Insufficiency of FREDRICK'S Affidavit, Such Affidavit is Contradicted By Evidence, Which Must Be Resolved in Favor of ST. MATTHEW's.

22    While the allegations in the FAC are completely sufficient without the need for

23    Plaintiff to make any evidentiary showing regarding FREDRICK's contacts with Nevada,

24    Plaintiff does submit, as exhibits to this opposition, limited excerpts from responses to

---

mails were numerous and continuous over a period of months. The purpose of that activity had been for defendants and plaintiff to unite in a joint venture to capitalize production of certain medical devices. Without question, defendants reached beyond the boundaries of their own states to do business in the forum state. Therefore, it was not unreasonable for them to be haled into the forum state." *Resuscitation Technologies, Inc. v. Continental Health Care Corp.*, 1997 WL 148567 (S.D. Ind. 1997).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

7

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1    the pre-service discovery efforts of Plaintiff.  Such limited excerpts reveal "smoking gun"

2    evidence of FREDRICK's active involvement a) in the fraudulent management and

3    operations of AAIMG, and b) the use of the Nevada corporation as a vehicle for the

4    fraudulent activity of the Defendants.

5          As Plaintiff alleges that, except for defamatory mass postal mailing campaigns,

6    the exclusive method of communications for AAIMG, for both corporate and operational

7    matters, was through two Microsoft Hotmail email addresses (presaaimg@hotmail.com,

8    and execsecaaimg@hotmail.com), and one Yahoo! email account (aaimg@yahoo.com).

9    FAC ¶ 57-64.

10         The only address provided on the AAIMG website was that of Defendant AAIMG's

11   resident agent and paid mail forwarding box, Val-U-Corp – in Carson City, Nevada.  FAC

12   ¶ 49.

13         In response to Plaintiff's subpoena, Microsoft and Yahoo! provided years of login

14   records for all three of these free email accounts.  These login records contained dates,

15   times and Internet Protocol (IP) address numbers evidencing the exact Internet

16   computer connection used to access the Hotmail email accounts.  *See* Exhibit A,

17   attached hereto.

18         The IP addresses are owned by a variety of Internet access providers, most of

19   which keep detailed records on the accounts logging in, the exact telephone numbers

20   used to dial up to the access provider, and other information.  Exhibit B, attached hereto,

21   is one example of an Internet access provider who owns IP addresses which were used

22   by the Defendants when they logged in to their Hotmail accounts.  This Exhibit B shows

23   that the account name in this particular instance was saba@tiac.net, and the phone

24   number used to dial up to the Internet was (978) 632-6836.

25         Responses to subpoenas to the Internet service provider that provides this email

26   address showed that the account saba@tiac.net is an EarthLink dial-up ISP account

27   owned by Defendant David Fredrick and Saba University.  *See* Exhibit C hereto.  Further

28   responsive documents show that the phone number used to access the account in that

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

8

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1   particular instance, (978) 632-6836, is located at the residence of Defendant David

2   Fredrick, and is held in the name of FREDRICK's wife, Defendant HOUGH.  *See*

3   Exhibits D & E hereto.

4        This example is just one of <u>hundreds</u> of documented instances linking use of

5   FREDRICK's and HOUGH's personal residence, phone line, and Internet Service

6   accounts to that of the email accounts presaaimg@hotmail.com,

7   execsecaaimg@hotmail.com, and aaimg@yahoo.com, used by the Defendants in

8   connection with their AAIMG-related activities for over five years, as detailed in ST.

9   MATTHEW's FAC.  *See, generally*, FAC ¶ 57-64.

10       Such evidence is far beyond the requisite prima facie showing of Defendant

11   FREDRICK's contacts with the State of Nevada sufficient for establishing personal

12   jurisdiction.

### 4.   Plaintiff's Claims Clearly Arise Out of Defendant's Forum-Related Activities.

14       As to the second prong of this District's test for establishing personal jurisdiction,

15   the argument FREDRICK makes is to echo the same argument he made against the

16   "purposeful availment" prong, discussed above.  *See* Mot., pp. 5-6.  However, as

17   explained above, FREDRICK's gross understatement of the wrongs alleged to have

18   been committed within and directed towards Nevada omits recognition that all injuries

19   alleged relate to and arise from Defendants' mailings, web advertising, identities, and

20   fraudulent corporate shield, all established in the State of Nevada.  *Supra, I.B.1.*  In that

21   Plaintiff would not have been injured "but for" this conduct of Defendants in Nevada,

22   these uncontroverted and established factual allegations prove the second prong of

23   personal jurisdiction in favor of Plaintiff. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d

24   1316, 1322 (9th Cir 1998).

### 5.   Exercise of Jurisdiction Over FREDRICK is Reasonable.

26       Likewise, the last prong for personal jurisdiction test weighs in favor of the

27   Plaintiff.  The exercise of jurisdiction is reasonable if it comports with traditional notions

28   of fair play and substantial justice. In determining reasonableness, seven factors are

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

9

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1   considered: (1) the extent of a defendant's purposeful interjection; (2) the burden on the

2   defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the

3   defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most

4   efficient judicial resolution of the controversy; (6) the importance of the forum to the

5   plaintiff's interest in convenient and effective relief; and (7) the existence of an

6   alternative forum.  See *Rio*, 284 F.3d at 1020, *citing Core-Vent Corp. v. Nobel Indus.*

7   *AB,* 11 F.3d 1482, 1488 (9th Cir. 1993).  As no single factor is dispositive, a court must

8   balance all seven. *See id.*

9       A majority of these factors weigh <u>strongly</u> against FREDRICK and in favor of

10  Plaintiff.  Plaintiff has shown and alleged that FREDRICK committed elaborate and

11  extensive fraud over the course of years specifically and purposefully to interject himself

12  into Nevada, and wrongfully enjoy the resulting benefits.  Also, in that FREDRICK has

13  purposely abused the laws of the State of Nevada, has committed fraud against the

14  State, and has used the *imprimatur* of the State of Nevada as a mask for crimes and

15  torts, the State of Nevada has a hugely compelling interest in adjudicating this dispute,

16  unparalleled by any other jurisdiction – that FREDRICK asserts Nevada has "no interest"

17  is preposterous. *See* Mot., p. 6, lines 24-25; p. 7, lines 9-12.  Furthermore, as the

18  fraudulent incorporation and document-based frauds alleged are primarily occurring in

19  the State of Nevada, most evidence is present here and this District promises the most

20  efficient judicial resolution of the controversy.

21      The remaining factors weigh decidedly in favor of the Plaintiff.  Any extent to

22  which FREDRICK may be burdened by defending the case in Nevada is far outweighed

23  by the purposefulness and character of his intentionally interjection into this District's

24  jurisdiction; additionally, FREDRICK would be similarly burdened defending in any

25  judicial district in the United States.  FREDRICK addresses no germane conflict that

26  exists between the sovereignty of his various home states and Nevada. Finally, while

27  FREDRICK notes the potential alternative forums of Maine, of foreign nations in the

28  Caribbean, or of one of his two states of residence (Florida), none of the reasons

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

10

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1  provided are rational, let alone compelling in light of the great focus of this case,

2  factually and procedurally, in the District of Nevada.  In sum, the factors weigh

3  overwhelmingly in favor of the reasonable exercise of personal jurisdiction over

4  Defendant FREDRICK in Nevada.

5  **II.    PLAINTIFF HAS PLEAD SUFFICIENT FACTS FOR VENUE TO LIE IN THE DISTRICT OF NEVADA**

6          As to the motions of Defendants FREDRICK, HOUGH and AAIMG to dismiss

7  Plaintiff's complaint pursuant to Rule 12(b)(3) for improper venue, or for *forum

8  nonconveniens* (for the immediate section, the "Motions")[3], Plaintiff hereby opposes as

9  follows:

10         In federal question cases, like the present case, the Plaintiff may bring an action

11  in a judicial district in which a substantial part of the events or omissions giving rise to

12  the claim occurred.  28 U.S.C § 1391(b)(2).  Importantly, when Plaintiff filed its first

13  complaint, with an accompanying *ex parte* motion for discovery, perhaps the only district

14  in the United States where venue would be appropriate was Nevada.  As discussed

15  above, the then anonymous and yet to be identified defendants had funneled all of their

16  fraudulent acts through a Nevada corporation and Nevada mail forwarding service and

17  address, which forwarded mail to an offshore location.  Addresses on letters, the

18  address on the website, the address of all corporate officers of AAIMG all were the

19  address of the Nevada mail forwarding company.  Fees were paid through these

20  Nevada-based identities to the Secretary of the State of Nevada and to the Carson City

21  mail forwarding service to maintain the Defendants' Nevada presence as the only

22  connection to the United States both publicly and privately.  Notably, documents and

23  signatures were forged and submitted to the Secretary of State of Nevada, and forged

24  signatures on credit card authorizations enabled payments to the Secretary of State of

25  Nevada and the mail forwarding service.  FAC ¶¶ 48-64 (restating facts from the initial

26

27  _____

28  [3] For ease of reference, page numbers refer to Defendant FREDRICK's version of the Motions.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

11

1  Complaint).  Significant fraudulent acts occurred in Nevada, and at the time of filing of

2  the initial complaint, Nevada was the only option for venue.

3       The *ex parte* discovery efforts of the Plaintiff revealed that the all of the named

4  officers of AAIMG were in fact fictitious and/or assumed, and the true parties controlling

5  and operating the fraudulent scheme of AAIMG are Defendants FREDRICK and

6  HOUGH, among others.  FAC ¶¶ 65-67.  As a result, the Plaintiff filed its FAC to name

7  FREDRICK and HOUGH, both of whom are parties to the present Motion.  The FAC

8  alleges that all of the fraudulent activity that occurred in the State of Nevada, including

9  forged documents submitted to the Secretary of State and using the Nevada corporation

10  as a mechanism to shield their fraud and true identities from the world, was committed

11  by Defendants FREDRICK and HOUGH through their Nevada identities, in conjunction

12  with the other Defendants, again confirming Nevada as the most appropriate venue.  *Id.*

13  Accordingly, venue is proper not only for Defendant AAIMG but also for Defendants

14  FREDRICK and HOUGH, who controlled and operated AAIMG.

15       In the Defendants' argument that venue is not proper, they seem to make a *forum*

16  *nonconveniens* argument, although it is not labeled as such.  Notably, the Defendants

17  have not detailed any private or public interest factors that are required in a *forum non*

18  *conveniens* argument. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, fn.6.

19       Simply put, the Defendants' request for a dismissal due to improper venue is

20  without merit, and accordingly Defendants' request to dismiss for lack of venue should

21  be denied.

22  **III.   PLAINTIFF ST. MATTHEW'S HAS STANDING TO SUE UNDER SECTION
23  43(a) OF THE LANHAM ACT (15 USC §1125(a))**

24       As to the motions of Defendants FREDRICK, HOUGH and AAIMG to dismiss

25  Plaintiff's Second and Third Claims for Relief under Section 43 of the Lanham Act

26  pursuant to Rule 12(b)(6) (for the immediate section, the "Motions")[4], Plaintiff hereby

27  opposes as follows:

[4] For ease of reference, page numbers refer to Defendant FREDRICK's version of the
28  Motions.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

12

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

### A.  Foreign Nationals Unequivocally Have Standing To Sue Under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

By the explicit wording in the statute and under years of clear case law, foreign nationals have standing to sue under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).  The statute reads, in pertinent part:

> Any person who, on or in connection with any goods or services, … uses in commerce … any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 USC §1125(a)(1)(*emphasis added*).  Section 39 of the Lanham Act also specifically grants federal district courts original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties.  15 U.S.C. §1121(a).  Accordingly, by the express terms of the statute and the express jurisdiction grant of the statute, "any person," including a foreign national, may sue under this section.

Moreover, Section 45 of the Lanham Act (15 U.S.C. §1127) provides several definitions that clarify further the right of foreign nationals under the Act.  Specifically, the "term 'person' and any other word or term used to designate the applicant or other entitled to a benefit or privilege … of … [the Lanham Act] … includes a juristic person as well as a natural person.  The term 'juristic person' includes a firm, corporation, union, association or other organization capable of suing and being sued in a court of law."  15 U.S.C. § 1127; *see also*, 4 Callman, Unfair Competition, Trademarks and Monopolies

13

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1  § 100.1(a), at 844 (3d Ed. 1970)[5] ("In general, foreigners can claim the same rights and

2  are subject to the same duties as citizens" under the trademark laws.)

3        In addition to the clear statutory language, courts have also uniformly held that

4  foreign plaintiffs have standing to sue United States nationals under Section 43(a).

5  *Noone v. Banner Talent Associates, Inc.*, 398 F.Supp. 260, 262 (D.C.N.Y. 1975) ("By its

6  express terms, therefore, the section [Section 43(a) of the Lanham Act] does not limit its

7  applicability to nationals of the United States."); *L'Aiglon Apparel v. Lana Lobell, Inc.*,

8  214 F.2d 649, 650 (3d Cir.1954)("Section 39 [of the Lanham Act] gives federal district

9  courts jurisdiction of causes arising under this statue regardless of the amount in

10  controversy or the citizenship of the litigants."); *Scotch Whiskey Association v. Barton*

11  *Distilling Company*, 338 F.Supp. 595, 598-599 (N.D.Ill.1971), *aff'd*, 489 F.2d 809 (7th

12  Cir. 1973) (holding that foreign plaintiff had standing both under Section 43(a) due to

13  activity in commerce in the United States, and under Section 44 due to violation of laws

14  through the Paris Convention); *Spartan Chemical Co., Inc. v. Atm Enterprises*, 1986 WL

15  2616 (N.D. Illinois 1986 )("The general rule is that foreign nationals have standing to sue

16  United States nationals under Section 43(a).")[6]; *Menendez v. Faber, Coe & Gregg, Inc.*,

17  345 F.Supp. 527, 558 (S.D.N.Y.1972), modified on other grounds, 485 F.2d 1355 (2d

18  Cir. 1973); s*ee also*, "Standing to Bring False Advertising Claim or Unfair Competition

19  Claim Under §43(a)(1) of Lanham Act (15 U.S.C.A. 1125(a)(1))," 124 ALR Fed 189, § 22

20  (containing examples confirming the standing of foreign nationals to sue under §43(a) as

21  long as foreign plaintiff is engaged in interstate commerce in the United States).

22        The case of *West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc.* offers

23  further support for basic proposition that foreign nationals have a right to sue under

24  Section 43(a).  761 F.Supp. 1041 (S.D.N.Y. 1991).  In *West Indian*, just like in the

25  present case, the plaintiff was a foreign national, and the US defendant argued that the

26

27  ────────────────
    [5] An updated reference is 4A Callman, Unfair Competition, Trademarks and Monopolies
    § 27:26 (4th Ed. 1981).

28  [6] A copy of this case, reported on Westlaw, is attached hereto in Exhibit F.

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1  plaintiff, as a foreign national, lacked standing to sue under Section 43(a).  *Id.* at 1048.

2  However, the court held that the foreign national defendant did indeed have standing

3  under Section 43(a), because the foreign national had a "reasonable commercial interest

4  to be protected" in the United States.  *Id.*  In fact, the court explained that the only

5  requirement is for a foreign national plaintiff is to show "a reasonable basis for the belief

6  that [it] is likely to be damaged as a result of the false advertising." *Id.* at 1049 (*quoting

7  Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 190 (2d Cir.1980)).  In the

8  present case, Plaintiff has alleged significant damage in the United States to Plaintiff's

9  interests here, resulting from, among other actions,  the Defendants' false advertising in

10  the United States.  Therefore, Plaintiff, under clear and consistent case law, has

11  standing to sue Defendants under Section 43(a) of the Lanham Act.

12      **B.     Plaintiff ST. MATTHEW'S has Alleged Unlawful Actions of
       Defendants That Are "In Commerce" in the United States, Placing Plaintiff's
13      Allegations Squarely Within the Purview of Section 43(a) of the Lanham Act.**

14          As detailed above, the Section 43a of the Lanham Act creates a cause of action if

15  "[a]ny person who, on or in connection with any goods or services, … uses in commerce

16  … any false designation of origin, false or misleading description of fact, or false or

17  misleading representation of fact, which –"  creates a false designation or origin or is

18  makes a misrepresentation in commercial advertising. 15 § U.S.C. 1125(a) (*emphasis

19  added*).  Plaintiff ST. MATTHEW'S has clearly alleged acts "in commerce" for the

20  purpose of triggering jurisdiction under Section 43(a), in addition to great harm suffered

21  by Plaintiff within the United States.  Plaintiff has alleged that Defendants formed a

22  corporation in Nevada and proceeded to use that corporation as the fulcrum of an

23  elaborate fraudulent scheme to spread falsehoods throughout the United States to

24  accrediting bodies, teaching hospitals, medical educators, student loan providers and

25  administrators, administrators of teaching hospitals, all without revealing the true

26  identities of Defendants as competitors of Plaintiff.  FAC ¶ 69.  Additionally, Plaintiff has

27  alleged that it has applied for an received accreditation or recognition in 48 of the 50 US

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

15

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1  states, has clinical locations throughout the United States, and recruits students from the

2  United States.  FAC ¶¶ 19-25.

3      Plaintiff has therefore sufficiently alleged that the unlawful actions of the

4  Defendants occurred "in commerce" for the purpose of Section 43a of the Lanham Act.

5      **C.**    **Plaintiff ST. MATTHEW'S Has Never Alleged a Cause of Action**

6  **under 15 USC § 1126(b) & (h) as Defendants Infer.**

7      Defendants in their Motions refer multiple times, including in a section heading, to

8  the Plaintiff's allegations under 15 USC § 1126(b) & (h) (Section 44 of the Lanham Act,

which is entitled, "International Conventions").  (Mot., p. 10)  However, Plaintiff ST.

9  MATTHEW'S has never alleged any cause of action whatsoever under 15 U.S.C.

10 § 1126.  In fact, in the captions for Plaintiff's claims for relief and in the descriptions

11 thereunder, Plaintiff alleges its claims specifically under 15 U.S.C. §1125(a) (Section 43

12 of the Lanham Act).   Specifically, the second claim for relief in the FAC explains the

13 allegations, "in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)."

14 (FAC ¶ 99.)  The third claim for relief in the FAC explains the allegations "in violation of

15 Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B)."  (FAC ¶ 103.)

16 Importantly, nowhere has the Plaintiff alleged any cause of action under 15 U.S.C.

17 § 1126 as the Defendants state and argue in their Motions.

18     For these reasons, all of the Defendants' arguments regarding the Lanham Act

19 should be rejected as irrelevant.  In the *Noone* case, cited *supra*, the Defendants used

20 an almost identical tactic, which was also rejected by the court.   In *Noone*, the plaintiff, a

21 British citizen, sued under Section 43a (15 U.S.C. §1125(a)) for acts occurring in

22 commerce in the United States, and the defendants, also British citizens, argued that

23 there was no jurisdiction under Section 44 (15 U.S.C. §1126).  *Noone*, 398 F.Supp. at

24 262.  The court explained how the arguments regarding Section 44 were irrelevant,

25 because a cause of action under Section 43a was alleged, not under Section 44.  *Id.*

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

**D.     Section 44 of the Lanham Act (15 USC § 1126) Relates to Protection for Trademarks Registered in Foreign Countries, and Is Inapplicable to the Case at Hand.**

Section 44 of the Lanham Act (15 U.S.C. § 1126), labeled "International Conventions," was designed for the specific purpose of providing protection to foreign nationals who have trademarks filed in their own countries and face trademark infringement or unfair competition occurring in commerce in the United States.  This statute lays out the specific procedure and rights conferred, if a foreign national is from a country that has treaty with the United States that requires US "national treatment" for foreign plaintiffs and foreign trademarks, within the United States.  *International Café, S.A.L. v. Hard Rock Café Intern. (U.S.A.), Inc.*, 252 F.3d 1274, 1278 (11th Cir. 2001); *See also*, for a general explanation, *Vanity Fair* at 644.  Importantly, under a straight-forward reading of the statute and the above cited case law, "unfair competition," as referenced in § 1126(h) of the statute, refers to protection of foreign nationals, in the United States, from unfair competition as defined by the laws of their home countries and made applicable in the United States through international treaties and conventions.

Thus, the arguments based on "unfair competition" under § 1126(h) and on which Defendants rely in their Motions are completely irrelevant and inapplicable to Plaintiff's claims under § 1125(a).  In fact, a foreign plaintiff can actually plead and prove causes of action under both § 1125(a) and § 1126 at the same time, the former based upon false advertising or false designation of origin in the United States, and the latter based upon foreign laws trademark rights applicable in the United States by treaty.  Ironically, Defendants cite to the case of *Scotch Whiskey Association v. Barton Distilling Company*, 338 F.Supp. 595, 598-599 (N.D.Ill.1971), *aff'd*, 489 F.2d 809 (7th Cir. 1973), for the proposition that a foreign national may only proceed under § 1126; however, a close reading of the district court's decision reveals that the court allowed the foreign plaintiff to proceed on <u>both</u> an § 1125(a) cause of action and an § 1126 cause of action at the same time.  *See Scotch Whiskey*, 338 F.Supp. 598.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

17

## IV.  PLAINTIFF ST. MATTHEW'S HAS SUFFICIENTLY PLEAD A CAUSE OF ACTION UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT

As to the motions of Defendants FREDRICK, HOUGH and AAIMG to dismiss Plaintiff's Fifth Claim for Relief under Nevada's Deceptive Trade Practices Act pursuant to Rule 12(b)(6) (for the immediate section, the "Motions")[7], Plaintiff hereby opposes as follows:

Defendants have moved to dismiss Plaintiff's Fifth Claim for Relief for failure to state a claim pursuant to Rule 12(b)(6).  Mot., p. 13. Defendants assert that Plaintiff cannot state a claim for relief under the Nevada Deceptive Trade Practice Act, N.R.S. § 598 ("NDTPA"), on the grounds that the NDTPA "generally provides for a public cause of action."[8]  Mot., p. 13.  In support, Defendants cite *Nevada Power v. Eighth Dist. Court*, 102 P.3d 578 (2004), falsely claiming that case has the Nevada Supreme Court "decline[ing] to recognize a private cause of action under that statute." *Id.*

Defendants' argument lacks merit and is false representation of the case law cited.  The NDTPA contains no language expressly restricting private causes of action for violations arising under the statute.   In fact, N.R.S. § 598.0953 mentions the individualized harm to competitors caused by violations of NDTPA, and does not limit available remedies to public actions.  The statute states:

> 1.     Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition.

> 2.     The deceptive trade practices [598.0915-598.0925 inclusive] are *in addition to and do not limit* the types of unfair trade practices actionable at common law or defined as such in other statutes of this state.

N.R.S. § 598.0953 (emphasis added).

---

[7] For ease of reference, page numbers refer to Defendant FREDRICK's version of the Motions.

[8] Defendants have erroneously cited to Plaintiff's Fifth Claim for Relief as arising under "N.R.S. 598(3),(5), (7) and 15."  In actuality, Plaintiff has plead claims arising under N.R.S. **§ 598.0915** (3),(5),(7) and (15).  Plaintiff was unable to locate the provisions cited by Defendant, therefore Plaintiff assumes they do not exist and that Defendants referred to these provisions in error.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1    Furthermore, N.R.S. § 41.600 expressly authorizes a private cause of action in

2    this case.  §41.600(1) reads "*an action may be brought by any person who is a victim of*

3    *consumer fraud*." (*emphasis added*).  Under §41.600(2)(d), "consumer fraud" includes "a

4    *deceptive trade practice as defined in NRS 598.0915 to 598.0925 inclusive*." (*emphasis*

5    *added*)  Section 41.600(3) provides a successful claimant: (a) any damages he has

6    sustained, and (b) his costs in the action and reasonable attorneys fees.  *Id.*

7    Even Defendants' cited case law is contrary to Defendants' position.  In *Nevada*

8    *Power*, the Supreme Court of Nevada recognized that "NRS 41.600 … provides for a

9    private cause of action by a person who is a victim of consumer fraud."  102 P.3d at 583,

10   nt. 7.  The Court defines consumer fraud to include "a deceptive trade practice as in

11   NRS 598.0915 to 598.0925."  This language authorizing private NDTPA actions in

12   Nevada Power came from *the same footnote cited by Defendants*, in arguing such a

13   cause of action does not exist and that the Nevada Supreme Court had declined to

14   recognize such a right.  *See* Mot. at p. 13.

15   Given this unambiguous statutory authority and Nevada Supreme Court holding,

16   it is inexplicable how Defendants came to the opposite conclusion in their motions to

17   dismiss.  There is no statutory authority or case law suggesting Plaintiff was barred from

18   making a private claim under the NDTPA.  In fact, Plaintiff was expressly authorized to

19   make such a claim.

20   Defendants further argue that Plaintiff "fails to allege any conduct within the

21   constitutional reach of the [NDTPA]."  Defendants assert that in order for a claim under

22   NDTPA to go forward, Plaintiff must allege specific acts of harm occurred within the state

23   of Nevada.   Again, Defendant's argument lacks merit.  Defendants' supporting case

24   law, *White v. Ford Motor Co.*, 312 F.3d 998, 1016 at n.68, is a Ninth Circuit case dealing

25   with punitive damages and not relevant to the primary harms caused by Defendants in

26   this action.

27   Despite Defendants' assertions, it is well established that a court with proper

28   personal and subject matter jurisdiction over a defendant can adjudicate claims based

19

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1   on the law of the forum state.  Defendants' business and corporate façade is a Nevada

2   corporation, and Defendants have committed acts directed at and within the State of

3   Nevada, as discussed above.  As such, Defendants are subject to the provisions of the

4   Nevada Revised Statutes, including deceptive trade practices under §598.0915.

5   **V.    PLAINTIFF ST. MATTHEW'S HAS SUFFICIENTLY PLEADED A CAUSE OF
        ACTION UNDER THE CALIFORNIA COMPUTER CRIMES ACT**

6           As to the motions of Defendants FREDRICK, HOUGH and AAIMG to dismiss

7   Plaintiff's Sixth Claim for Relief under the California Computer Crimes Act  pursuant to

8   Rule 12(b)(6) (for the immediate section, the "Motions")[9], Plaintiff hereby opposes as

9   follows:

10          Defendants make three arguments why the Plaintiff has not pleaded a cause of

11  action under the California Computer Crimes Act ("CCCA").  First, Defendants argue that

12  a conviction under the CCCA is a prerequisite for a private right of action; second, that

13  there was no allegation of injury or impact in the State of California; and third, that no

14  ownership of a computer network is alleged.  Plaintiff's will address each argument in

15  turn.

16          **A.    Defendants Refer to a Superseded Section of the California
        Computer Crimes Act in Arguing that a Conviction is a Prerequisite to a Private
17      Right of Action.**

18          Simply put, there is no requirement that a defendant has been convicted under

19  CCCA in order for a plaintiff to file a civil action against a defendant under the CCCA.

20  Defendants quote an outdated and superseded section of the CCCA in support of their

21  argument:  "(e)(1) In addition to any other civil remedy available, the owner or lessee of

22  the computer, computer system, computer network, computer program, or data <u>may</u>

23  <u>bring a civil action against any person convicted under this section for compensatory</u>

24  <u>damages</u>, including … ."  Mot. at p. 14 (*emphasis added*).  However, this code section

25  was superseded on in 2000 by the following provision:  "(e)(1) In addition to any other

26  civil remedy available, the owner or lessee of the computer, computer system, computer

27  _____

28  [9] For ease of reference, page numbers refer to Defendant FREDRICK's version of the
    Motions.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

network, computer program, or data <u>who suffers damage or loss by reason of a violation</u> <u>of any of the provisions of subdivision (c)</u> may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief."  California Penal Code § 502(e)(1)(emphasis added); *see* California Stats.2000, c. 635 (A.B.2727)(amending § 502(e)(1) to remove the requirement of a conviction).

As evidenced by a simple reading of the statute, the Defendants cited an outdated and superseded version of the statute, and in the current version of the statute, there is no requirement of a conviction prior to a private cause of action.

**B.    Plaintiff Has Alleged Sufficient Facts Involving Fraud Under the California Computer Crimes Act to Support a Civil Cause of Action.**

The CCCA allows for multiple types of civil remedies for unlawful activity under the statute, as evidenced by the language, "[i]n addition to any other civil remedy available… ."  Cal. Penal Code § 502(e)(1).  Section 502(e)(1) specifically allows a form of restitution for computer owners who are harmed due to violations of the CCCA, which is in addition to any other civil remedy available, as evidenced by the specific language of the statute.  Whether it is through the protection of Section 17200, or a stand-alone allegation under the CCCA, there are clearly multiple types of civil remedies available to those suffering damages as a result of the violation of the CCCA.  See *People v. McKale,* 25 Cal.3d 626, 633 (Cal. 1979)*(citing People v. K. Sakai Co.,* 56 Cal.App.3d 531 (1976), for the proposition of using violations of criminal laws for the basis of unfair competition actions).

**C.  Plaintiff Has Alleged Sufficient Facts Related to the State of California.**

Defendants state that Plaintiffs do not allege any injury in the State of California or other impact on California.  Motion, p. 14.  However, Plaintiff specifically alleges in the FAC that the Yahoo! and Hotmail email servers, which were important instruments in the perpetration of much of the unlawful activity throughout the complaint, are located in California.  FAC, p. 15, nt. 7.  To use the Yahoo! and Hotmail email addresses as the Defendants did, Defendants necessarily had to enter false information (i.e. fake names,

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

21

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1   fake contact information) into the servers located in California, which clearly subjects

2   them to liability under the CCCA.  *People v. Gentry*, 285 Cal.Rptr. 591, 234 Cal.App.3d

3   131, 140-141 (App. 4 Dist. 1991), *review denied*.

4          Additionally, the CCCA addresses the situation of a defendant accessing from

5   outside of California a computer located in California.  Specifically, "[f]or purposes of

6   bringing a civil or a criminal action under this section, a person who causes, by any

7   means, the access of a computer, computer system, or computer network in one

8   jurisdiction from another jurisdiction is deemed to have personally accessed the

9   computer, computer system, or computer network in each jurisdiction."  California Penal

10  Code § 502(j).  Thus, under the specifically language in the statue, the Defendants have

11  accessed a computer in California even though Defendants may not have been

12  physically present in California.

13         For the forgoing reasons, Plaintiffs have pled sufficient facts for a cause of action

14  under the California Computer Crimes Act.

15  / / /

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

22

**OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS**

1    **FOR THE FOREGOING REASONS,** Defendants' motions to dismiss Plaintiff's

2  First Amended Complaint pursuant to Rules 12(b)(2), (3) and (6) should be DENIED.

3

4  Respectfully Submitted,

5

6  DATED: March 6, 2006.              **KRONENBERGER HANLEY, LLP**

7

8                                     By: _Karl S. Kronenberger_____

9                                     Karl S. Kronenberger
                                       Terri R. Hanley
                                       Attorneys for Plaintiff
10                                     ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

11

12 DATED: March 6, 2006.              **GREENBERG TRAURIG, LLP**

13

14                                     By: _____

15                                     Mark G. Tratos
                                       F. Christopher Austin
                                       Ronald D. Green, Jr.
16                                     Designated Local Counsel for Plaintiff
                                       ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

Exhibit A

Subpoena Response from Microsoft (Hotmail)
(excerpted and annotated)

| User Info | |
|---|---|
| Field | Value |
| Login | presaaimg@hotmail.com |
| First Name | thomas |
| Last Name | moore |
| State | Nevada |
| Zip | 89706 |
| Country | US |
| Timezone | America/Denver |
| Registered from IP | 149.152.89.168 |
| Date Registered | 10/25/2000 9:04:13 AM |
| Reply To Address | presaaimg@hotmail.com |
| This Account Forwards to the Following Accounts | |
| Accounts Forwarding to This Account | |
| Init Locale | EN_US |

MS/SUB
Confidential 0154

Passport
Personal
Information

| | |
|---|---|
| First Name: | thomas |
| Last Name: | moore |
| Gender: | Male |
| E-mail: | presaaimg@hotmail.com |
| Occupation: | Professional (medical, legal, etc.) |
| BirthDate: | 4/4/1930 |
| Country: | United States |
| State/Region: | Nevada |
| Postal Code: | 89706 |
| Timezone: | Mountain Time - MST |
| Language Pref: | English |

Sign In Summary
Descriptions

| | |
|---|---|
| Create Time | GMT |
| Last Change Time | GMT |
| Credential Type | Stanard = Password; Mobile = PIN Number; Secure = Credentials |
| Action | Login Success or failure |
| Value | New lines are added each time Action or IP address or Site logged into changes. Value counts each time logged in where these remain unchanged |
| IP Address | IP Address of Login |

Auth IP History

| Create Time | Last Change Time | Credential Type | Action | Value | IP Address |
|---|---|---|---|---|---|
| 5/13/2005 15:36 | 7/24/2005 3:13 | Standard Credential | Login Success | 42 | 4.154.255.57 |
| 5/2/2005 18:00 | 5/17/2005 21:32 | Standard Credential | Login Success | 7 | 209.239.73.242 |
| 5/2/2005 17:46 | 5/2/2005 17:46 | Standard Credential | Login Failure | 1 | 4.156.39.229 |
| 11/20/2004 20:41 | 4/29/2005 4:19 | Standard Credential | Login Success | 78 | 4.156.150.48 |
| 10/25/2000 16:04 | 10/25/2000 16:04 | Standard Credential | Create Credential | N/A | N/A |

MS/SUB
Confidential 0160

| User Info | |
|---|---|
| Field | Value |
| Login | execsecaaimg@hotmail.com |
| First Name | sarah |
| Last Name | weinstein |
| State | Nevada |
| Zip | 89706 |
| Country | US |
| Timezone | America/Los_Angeles |
| Registered from IP | 149.152.89.168 |
| Date Registered | 10/25/2000 9:20:20 AM |
| Reply To Address | execsecaaimg@hotmail.com |
| This Account Forwards to the Following Accounts | |
| Accounts Forwarding to This Account | |
| Init Locale | EN_US |

MS/SUB
Confidential 0073

Passport
Personal
Information

| | |
|---|---|
| First Name: | sarah |
| Last Name: | weinstein |
| Gender: | Female |
| E-mail: | execsecaaimg@hotmail.com |
| Occupation: | Executive/senior management |
| BirthDate: | 5/5/1930 |
| Country: | United States |
| State/Region: | Nevada |
| Postal Code: | 89706 |
| Timezone: | Pacific Time - PST |
| Language Pref: | English |

Sign In Summary
Descriptions

| | |
|---|---|
| Create Time | GMT |
| Last Change Time | GMT |
| Credential Type | Stanard = Password; Mobile = PIN Number; Secure = Credentials |
| Action | Login Success or failure |
| Value | New lines are added each time Action or IP address or Site logged into changes. Value counts each time logged in where these remain unchanged |
| IP Address | IP Address of Login |

Auth IP History

| Create Time | Last Change Time | Credential Type | Action | Value | IP Address |
|---|---|---|---|---|---|
| 7/17/2005 13:59 | 7/20/2005 18:15 | Standard Credential | Login Success | 5 | 72.252.13.88 |
| 7/17/2005 13:59 | 7/17/2005 13:59 | Standard Credential | Login Failure | 1 | 209.59.74.124 |
| 7/17/2005 13:56 | 7/17/2005 13:56 | Standard Credential | Login Success | 1 | 209.59.74.124 |
| 7/17/2005 13:56 | 7/17/2005 13:56 | Standard Credential | Login Failure | 1 | 209.59.74.124 |
| 7/11/2005 20:17 | 7/14/2005 13:36 | Standard Credential | Login Success | 3 | 209.59.74.124 |
| 7/11/2005 3:17 | 7/11/2005 3:17 | Standard Credential | Login Failure | 1 | 4.156.39.140 |
| 5/19/2005 13:26 | 7/11/2005 2:59 | Standard Credential | Login Success | 10 | 4.156.39.140 |
| 4/15/2005 4:19 | 5/9/2005 20:20 | Standard Credential | Login Success | 6 | 69.50.73.106 |
| 10/25/2000 16:20 | 10/25/2000 16:20 | Standard Credential | Create Credential | N/A | N/A |

MS/SUB
Confidential  0076

| | | |
|---|---|---|
| 152.163.100.199 | 11/8/2004 8:19:15 PM (PST) | pass |
| 4.156.198.245 | 11/10/2004 4:19:43 PM (PST) | pass |
| 63.159.113.107 | 11/10/2004 4:52:35 PM (PST) | pass |
| 4.156.120.24 | 11/13/2004 8:06:43 AM (PST) | pass |
| 64.12.116.7 | 11/15/2004 9:39:52 PM (PST) | pass |
| 198.81.26.11 | 11/16/2004 9:13:51 PM (PST) | pass |
| 206.16.160.165 | 11/17/2004 9:41:57 PM (PST) | pass |
| 206.16.160.165 | 11/17/2004 10:07:56 PM (PST) | pass |
| 206.16.160.165 | 11/17/2004 10:09:17 PM (PST) | pass |
| 65.120.41.53 | 11/20/2004 12:36:15 PM (PST) | pass |
| 65.120.41.53 | 11/20/2004 12:41:20 PM (PST) | pass |
| 65.120.41.50 | 11/20/2004 1:11:49 PM (PST) | pass |
| 68.56.45.168 | 11/22/2004 8:32:39 AM (PST) | pass |
| 68.56.45.168 | 11/22/2004 8:34:02 PM (PST) | pass |
| 68.56.45.168 | 11/25/2004 2:51:36 PM (PST) | pass |
| 68.56.45.168 | 11/26/2004 8:19:48 PM (PST) | pass |
| 12.64.54.167 | 11/28/2004 5:03:31 PM (PST) | pass |
| 4.156.129.199 | 12/1/2004 9:57:07 AM (PST) | pass |
| 4.156.120.127 | 12/11/2004 4:02:26 AM (PST) | pass |
| 4.156.240.166 | 12/11/2004 4:45:10 PM (PST) | pass |
| 24.248.69.203 | 12/13/2004 6:01:25 PM (PST) | pass |
| 24.248.69.203 | 12/13/2004 6:05:40 PM (PST) | pass |
| 24.248.69.203 | 12/13/2004 6:06:54 PM (PST) | pass |
| 68.16.133.2 | 12/14/2004 6:32:33 PM (PST) | pass |
| 68.56.45.168 | 12/21/2004 9:30:34 PM (PST) | pass |
| 204.193.127.26 | 12/28/2004 9:56:44 AM (PST) | pass |
| 4.156.120.243 | 1/6/2005 8:41:32 PM (PST) | pass |
| 4.232.228.12 | 1/6/2005 9:31:04 PM (PST) | pass |
| 4.156.93.22 | 1/10/2005 9:28:04 AM (PST) | pass |
| 4.156.96.162 | 1/14/2005 8:05:30 PM (PST) | pass |
| 4.154.252.68 | 1/18/2005 8:04:42 PM (PST) | pass |
| 4.232.234.231 | 1/18/2005 8:27:42 PM (PST) | pass |
| 68.56.185.106 | 1/21/2005 9:34:09 AM (PST) | pass |
| 68.56.185.106 | 1/21/2005 9:56:02 AM (PST) | pass |
| 205.188.116.132 | 1/24/2005 4:36:03 PM (PST) | pass |
| 205.188.116.69 | 1/24/2005 4:44:24 PM (PST) | pass |
| 205.188.116.196 | 1/24/2005 4:46:37 PM (PST) | pass |
| 205.188.117.6 | 1/24/2005 5:23:44 PM (PST) | pass |
| 64.12.116.69 | 1/28/2005 7:57:24 PM (PST) | pass |
| 4.156.129.154 | 1/30/2005 6:29:24 AM (PST) | pass |
| 4.156.243.106 | 2/1/2005 4:38:21 AM (PST) | pass |
| 4.156.243.106 | 2/1/2005 4:45:34 AM (PST) | pass |
| 4.156.243.106 | 2/1/2005 4:50:08 AM (PST) | pass |
| 4.156.243.106 | 2/1/2005 4:51:48 AM (PST) | pass |
| 4.154.242.57 | 2/3/2005 7:25:10 AM (PST) | pass |
| 4.156.243.34 | 2/9/2005 4:43:35 AM (PST) | pass |
| 4.156.15.163 | 2/9/2005 5:30:14 AM (PST) | pass |

MS/SUB
Confidential 0156

Microsoft Corporation
One Microsoft Way
Redmond, WA 98052-6399

Tel 425 882 8080
Fax 425 936 7329
http://www.microsoft.com/



## CERTIFICATION OF AUTHENTICITY

I, Jonathan Bradley, state as follows:

1.      I am over the age of 18, I am competent to testify regarding the matters set forth below and I make this declaration based upon personal knowledge.

2.      I am one of the records custodians for Microsoft Corporation, including its Hotmail service(s) (the "Service"). I am familiar with the electronic filing system for maintaining subscriber information for the Service.

3.      When a new subscriber registers for the Service, the subscriber is required to enter certain information, including the name and address of the subscriber ("Subscriber Information").

4.      In the ordinary course of the Service's business, the Service maintains an electronic record of the Subscriber Information ("Subscriber Information Record"). Subscriber Information Records are made at the time that a new subscriber registers for the Service.

5.      In the ordinary course of the Service's business, the Service maintains an electronic record of certain data with respect to subscriber accounts, including: registration information provided by the user and Internet Protocol Logs which list the date, time and Internet Protocol address for each account session log-in (collectively, "Subscriber Logs"). Subscriber Logs are made contemporaneously with the events that they document. Subscriber Logs are kept for a limited time and may not be available as they are deleted in the course of routine document storage maintenance.

6.      In the regular course of my duties as custodian of records, I obtained a copy of the Subscriber Information Record and Subscriber Logs for the Service account(s): execsecaaimg@hotmail.com and presaaimg@hotmail.com . These records included the information in the pages labeled MS/SUB 0073-0076-0154-0160, which have been requested by civil subpoena in: *St. Matthews University v. AAIMG.*

I declare, under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge and belief.

DATED August 22, 2005, in Redmond, Washington.

Jonathan Bradley
Custodian of Records, Microsoft Corporation

CERTIFICATION OF AUTHENTICITY
Page 1 of 1

**Exhibit B**

**Subpoena Response from Level3 Communications
(excerpted and annotated)**

NAS-IP : 209.247.23.51
Framed-IP : 4.156.129.199
UserName : saba@tiac.net
CustName : earthlink
Start TS : 2004-12-01 17:51:37 UTC
Stop TS : 2004-12-01 20:20:52 UTC
Called TN : 9789194492
Calling TN : 9786326836
Session ID: 333683967

Earthlink Phone: 1-800-890-5128 Mail: Send certified letter to: 1375 Peachtree St., Level A, Atlanta, GA 30309


NAS-IP : 209.247.23.48
Framed-IP : 4.156.120.127
UserName : saba@tiac.net
CustName : earthlink
Start TS : 2004-12-11 11:51:40 UTC
Stop TS : 2004-12-11 12:21:09 UTC
Called TN : 9789194492
Calling TN : 9786326836
Session ID: 337630527

Earthlink Phone: 1-800-890-5128 Mail: Send certified letter to: 1375 Peachtree St., Level A, Atlanta, GA 30309


NAS-IP : 209.247.23.48
Framed-IP : 4.156.120.127
UserName : saba@tiac.net
CustName : earthlink
Start TS : 2004-12-11 11:51:40 UTC
Stop TS : 2004-12-11 12:21:09 UTC
Called TN : 9789194492
Calling TN : 9786326836
Session ID: 337630527

Earthlink Phone: 1-800-890-5128 Mail: Send certified letter to: 1375 Peachtree St., Level A, Atlanta, GA 30309

1  **GREENBERG TRAURIG LLP**
   Ronald D. Green, Jr. (Bar No. 7360)
2  3773 Howard Hughes Parkway, Ste. 500 N
   Las Vegas, Nevada 89109
3  Tel: (702) 792-3773
   Fax: (702) 792-9002
4
   **KRONENBERGER & ASSOCIATES**
5  Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Vice*)
   Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Vice*)
6  220 Montgomery Street, Suite 1920
   San Francisco, California 94104
7  Tel: (415) 955-1155
   Fax: (415) 955-1158
8
   Attorneys for Plaintiff
9
                    UNITED STATES DISTRICT COURT
10                      DISTRICT OF NEVADA
11

| | |
|---|---|
| 12  ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company, | Case No. CV-S-05-0848-RCJ(LRL) |
| 13 | |
| 14          Plaintiff, | **DECLARATION OF RECORDS CUSTODIAN** |
| 15          vs. | |
| 16  ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL | |
| 17  GRADUATES, INC., a Nevada corporation; THOMAS MOORE, M.D. | **TO BE FILED UNDER SEAL** |
| 18  a.k.a. "presaaimg@hotmail.com," an individual; SARAH B. WEINSTEIN a.k.a. | |
| 19  "execsecaaimg@hotmail.com," an individual; and RACHAEL E. SILVER, | |
| 20  an individual, | |
| 21          Defendants. | |
| 22 | |

23

24          IN CONNECTION WITH THE RULE 45 SUBPOENA SERVED HEREWITH, this

25  "Declaration of Records Custodian" is hereby made and submitted for the purpose of the

26  authentication of the documents and information produced in response thereto.

27

28

## DECLARATION OF RECORDS CUSTODIAN

The undersigned Custodian of Records declares and answers questions as follows:

1.   State your name, job title, place of employment, and address.

Name:  *Mike Keating*

Title:  *Security Operations Technician*

Employer:  *Level 3 Communications, LLc*

Address:  *1025 Eldorado Blvd*

*Broomfield, Colorado*

*80021*

2.   In your employment, do you have custody or control of records, documents and information sought in the subpoena served herewith?

☑ Yes.        ☐ No.

3.   Were these records prepared in the ordinary and regular course of business, at or near the time of the event, act or correspondence?

☐ Yes.        ☑ No.

4.   Have any changes or alterations in these records been made since the date of origination?

☐ Yes.        ☑ No.

5.   Have you provided complete and true copies of the originals of these records?

☑ Yes.        ☐ No.

6.   Have you omitted any records, documents, or other information responsive to the subpoena served herewith that is in the possession, custody or control of the party to whom that subpoena is directed (or its attorneys or agents)?

☐ Yes.        ☑ No.

If "yes," please identify with specificity any and all documents omitted:

DECLARATION OF RECORDS CUSTODIAN

1      I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct to the best of my knowledge.

3

4
     Dated:  9-22-05
5

6
                                      Michael J Keating
7    SIGNED:
                                      Name: _Michael J Keating_
8
                                      Title: Security Operations Technician
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            3        DECLARATION OF RECORDS CUSTODIAN

**Exhibit C**

**Subpoena Response from EarthLink**
**(excerpted, annotated and redacted for privacy)**





1   **GREENBERG TRAURIG LLP**
Ronald D. Green, Jr. (Bar No. 7360)
2   3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada  89109
3   Tel: (702) 792-3773
Fax: (702) 792-9002
4
**KRONENBERGER & ASSOCIATES**
5   Karl S. Kronenberger (CA Bar No. 226112) *(Pro Hac Vice)*
Terri R. Hanley (CA Bar No. 199811) *(Pro Hac Vice)*
6   220 Montgomery Street, Suite 1920
San Francisco, California 94104
7   Tel: (415) 955-1155
Fax: (415) 955-1158
8
Attorneys for Plaintiff
9

10          UNITED STATES DISTRICT COURT
             DISTRICT OF NEVADA

11

| | |
|---|---|
| 12  **ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,** | Case No. CV-S-05-0848-RCJ(LRL) |
| 13 | |
| 14        Plaintiff, | **DECLARATION OF RECORDS CUSTODIAN** |
| 15      vs. | |
| 16  **ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL** | |
| 17  **GRADUATES, INC., a Nevada corporation; THOMAS MOORE, M.D.** | **TO BE FILED UNDER SEAL** |
| 18  **a.k.a. "presaaimg@hotmail.com," an individual; SARAH B. WEINSTEIN a.k.a.** | |
| 19  **"execsecaaimg@hotmail.com," an individual; and RACHAEL E. SILVER,** | |
| 20  **an individual,** | |
| 21       Defendants. | |
| 22 | |

23

24     IN CONNECTION WITH THE RULE 45 SUBPOENA SERVED HEREWITH, this

25  "Declaration of Records Custodian" is hereby made and submitted for the purpose of the

26  authentication of the documents and information produced in response thereto.

27

28

1          **DECLARATION OF RECORDS CUSTODIAN**

## DECLARATION OF RECORDS CUSTODIAN

The undersigned Custodian of Records declares and answers questions as follows:

1.    State your name, job title, place of employment, and address.

Name:    _Esteban Montwell_

Title:    _Manager of Investigations_

Employer:    _Earthl m C_

Address:    _1375 Vleachtree_

_Atl GA 30309_

2.    In your employment, do you have custody or control of records, documents and information sought in the subpoena served herewith?

☑ Yes.        ☐ No.

3.    Were these records prepared in the ordinary and regular course of business, at or near the time of the event, act or correspondence?

☑ Yes.        ☐ No.

4.    Have any changes or alterations in these records been made since the date of origination?

☐ Yes.        ☑ No.

5.    Have you provided complete and true copies of the originals of these records?

☑ Yes.        ☐ No.

6.    Have you omitted any records, documents, or other information responsive to the subpoena served herewith that is in the possession, custody or control of the party to whom that subpoena is directed (or its attorneys or agents)?

☐ Yes.        ☑ No.

If "yes," please identify with specificity any and all documents omitted:

DECLARATION OF RECORDS CUSTODIAN

1        I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct to the best of my knowledge.

3

4                   B Sept 2005

5    Dated: _____

6

7    SIGNED:

8                                Name: _____

9                                Title: _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

DECLARATION OF RECORDS CUSTODIAN

**Exhibit D**

**Subpoena Response from Verizon**
**(excerpted, annotated, and redacted for privacy)**

Page: 1 Document Name: untitled

```
CMD                              MSG
978 632 6836 061    AUG 05 05 *CSBL LIVE                        GDNR 1FR
PATRICIA HOUGH              PB 0906 RT          AC B-00 DEP 0       CN      BD N
74 EDGELL                  R1 0818 EFT 704  CT       DOI 060898 LCU
GARDNER MA       01440      R2 0831 NT P     NOB     TAX FS---- LCR
                           R3 0906 PPD               RTN        LAL
                     CI            NV CBR 5086305122 SELF

                            TRT HIST 000000000000          CIV 0698
                            RCK HIST 000000000000 PAH 0196
                            PREV BL        32.32   CUR BL    · 32.29
                             PAY & ADJ PREV BILL    PAY & ADJ CURR BILL
                            DATE  T    AMOUNT   · DATE  T     AMOUNT
                            0805  01     32.32
```

```
NET        32.29     +
CCG        32.29
TOT        32.29                            CUR DUE       32.29
RP     NOTATION             TYPE PN  ACT  FU   BD
                                              0805            +
```