UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| DAVID L. FREDRICK,<br>Plaintiff,<br><br>vs.<br><br>ST. MATTHEW'S UNIVERSITY<br>(CAYMAN LTD.),<br>Defendant. | CIVIL ACTION NO.: 06-CV-00052-DBH |

## MEMORANDUM OF DAVID L. FREDRICK IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER AMENDED COMPLAINT

### INTRODUCTION

Plaintiff David L. Fredrick ("Fredrick") filed this action against St. Mathew's University (Cayman LTD.) ("SMU"), seeking a declaratory judgment to resolve claims made against him by SMU. Before filing this action, Fredrick filed a Motion to Dismiss claims which had been brought against him by SMU in the United States District Court for the District of Nevada ("Nevada District Court").[1] That Motion, which seeks to dismiss SMU's claims for lack of personal jurisdiction in the Nevada District Court, is pending.

The case is now before this Court on SMU's motion to dismiss because of the prior pending Nevada action, or, in the alternative, to transfer venue to the Nevada District Court. As demonstrated more fully below, SMU's motion should be denied.

---

[1] In the Nevada District Court action, SMU alleges that Fredrick, and other defendants who have no contacts with the District of Nevada, have engaged in a conspiracy to injure the reputation of SMU, a Cayman Island, British West Indies Corporation. In response to Fredrick's motion to dismiss for lack of personal jurisdiction, SMU failed to set forth any facts under oath establishing any contacts by Fredrick in or impacting the State of Nevada.

{Client Files\LIT\305173\0001\MAINE\00689746.DOC;1}   1

SMU's reliance on the so-called "first to file" rule has no application in the circumstances where, as here, the Nevada District Court lacks jurisdiction over Fredrick. Moreover, the District of Maine is the proper forum for several reasons, most significantly because it is the only District in the United States with any significant contact with SMU or its activities and it is the only jurisdiction in the United States in which SMU could have incurred the monetary damages it allegedly suffered due to a decrease in students.

## **FACTS**

Fredrick is a resident of Florida and the President of SABA University School of Medicine, a Netherland-Antillies Company ("SABA"). (Amended Complaint, ¶ 1.) SABA offers a medical education to students from the United States and many European and other foreign countries. (Id.) SMU is a Cayman Islands, British West Indies foreign company and also offers medical education to students from the United States and other countries. (Amended Complaint, ¶ 2.)

SMU filed a complaint in the Nevada District Court against Fredrick and others, essentially claiming that Fredrick disparaged SMU by statements published by the Association of American International Medical Graduates (AAIMG). (Amended Complaint, ¶ 8.) Fredrick moved to dismiss the Nevada complaint on the ground that the Nevada District Court lacks personal jurisdiction over him and that Nevada is not a proper venue for the dispute. (Ex. C to SMU's Request for Judicial Notice of Court Documents, District of Nevada ("SMU's Request for Judicial Notice")). Fredrick's motion is still pending. (Amended Complaint, ¶ 8; Ex. I to Kronenberger Aff.)

Fredrick fully expects the Nevada District Court to dismiss the complaint against him for lack of personal jurisdiction and filed this action because jurisdiction and venue

are appropriate in the District of Maine. (Amended Complaint, ¶ 8.)[2] SMU has a presence in Maine since a significant part of SMU's curriculum is offered in Maine in conjunction with St. Joseph's College ("St. Joseph's") of Standish, Maine, pursuant to an agreement between SMU and St. Joseph's.(Amended Complaint, ¶ 4; Affidavit of Vincent O'Rourke.[3]) SMU students attend courses at facilities operated by SMU in Windham, Maine as part of the curriculum for matriculation at SMU. (Amended Complaint, ¶ 5; Affidavit of Vincent O'Rourke.) Maine is the only state in the United States where SMU conducts educational activities. Accordingly, SMU has significant contacts with the District of Maine and it is the only jurisdiction in the United States in which SMU could have lost students and tuition as a result of the alleged libel by Fredrick. (Id.)

## ARGUMENT

### I. The First-Filed Rule Is Inapplicable Because Of The Special Circumstance That Fredrick Has Moved To Dismiss The Nevada Action For Lack Of Personal Jurisdiction And Because The Balance Of Convenience Favors a Maine Forum.

The first-filed rule "is not a per se rule, but rather a policy governed by equitable considerations." Feinstein v. Brown, 304 F.Supp.2d 279, 283 (D.R.I. 2004); SW Industries, Inc. v. Aetna Cas. & Sur. Co., 653 F. Supp. 631, 634 (D.R.I. 1987). Accordingly, courts refuse to apply the first-filed rule mechanically and recognize various exceptions to the rule. 17 Moore's Federal Practice § 111.13[1][o][B] (Matthew Bender 3d ed.). See also Glades Pharmaceuticals, LLC v. Call, Inc., No. Civ. A. 04-

---

[2] SMU's complaint was initially filed under seal. When Fredrick filed his initial complaint, he did not allege the existence of the Nevada action to comply with the seal order. After filing that complaint, Fredrick's counsel was notified that the seal order had been lifted. Fredrick thereafter immediately filed an amended complaint to allege the existence of the Nevada action.

[3] The Affidavit of Vincent O'Rourke is attached as Ex. A to Fredrick's Request for Judicial Notice of Court Documents filed in the District of Nevada.

4259, 2005 WL 563726, at *8 (E.D. Pa. Mar. 9, 2005) (stating that "the first-filed rule is not a rigid or inflexible rule to be mechanically applied"); Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc., 20 F. Supp. 2d 948, 954 (E.D. Va. 1998) (noting that "the first-filed rule is not to be applied mechanically" and that the court should perform "a thorough transfer analysis ... to determine if the balance of convenience favors transfer"); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994) (stating that "[i]t is well established that district courts need not slavishly adhere to the first filed rule").

Two well-settled exceptions to the first-filed rule exist if (1) special circumstances justify giving priority to the second filed suit, or (2) the balance of convenience favors the second suit. Feinstein, 304 F.Supp.2d at 283. Both of those exceptions apply here.

    A.  Special Circumstance.

A significant special circumstance exists since Fredrick has moved to dismiss the Nevada action because that District lacks personal jurisdiction over him. Fredrick is a resident of Florida and has never conducted business in Nevada and has not in any way participated in the formation and/or maintenance of AAIMG's corporate existence in Nevada or in any other activities alleged in the Nevada complaint. (Affidavit of David Fredrick ("Fredrick Aff.") at ¶¶2-6.)[4] The Nevada complaint totally fails to allege any specific actions claimed to have been taken by Fredrick in Nevada or elsewhere in furtherance of the alleged actions of any other defendant. (Ex. A to SMU Request for Judicial Notice.) Moreover, SMU has failed to refute Fredrick's sworn affidavit by

---

[4] The Affidavit of David Fredrick is attached as Ex. B to Fredrick's Request for Judicial Notice of Court Documents filed in the District of Nevada.

alleging any specific actions, under oath, claimed to have been taken by Fredrick in Nevada or elsewhere in furtherance of the alleged actions of any other defendant.

SMU claims that Fredrick's filing of this action and his motion to dismiss for lack of personal jurisdiction are frivolous because Fredrick's Massachusetts counsel negotiated with SMU's California counsel after the filing of the Nevada action by SMU. (SMU Brief at 11.) Putting aside that settlement negotiations are not admissible for any purpose (Fed.R.Evid. 408), Fredrick made no contact with Nevada by these negotiations because they were between Massachusetts counsel and California counsel, Attorney Karl S. Kronenberg, whose address is Kronenberger, Hanley, LLP, 220 Montgomery Street, Suite 1920, San Francisco, CA 94104. (Ex. A to Amended Complaint.) Such contact does not provide any basis for the Nevada District Court to exercise jurisdiction over Fredrick, and, indeed, SMU never argued in the Nevada action that settlement negotiations with a lawyer in California established personal jurisdiction over Fredrick in that action.

Fredrick is not requesting that this Court resolve the personal jurisdiction issue pending in the Nevada District Court. Rather, Fredrick requests that this Court reserve its decision on SMU's motion until the Nevada District Court acts on the question of Nevada's personal jurisdiction over Fredrick. If the Nevada Court dismisses Fredrick, as it should, then this will be the only action pending against Fredrick, and the District of Maine can appropriately resolve Fredrick's claim because SMU does significant business in Maine. (Affidavit of Vincent O'Rourke.) Indeed, it is the only District in the United States where SMU conducts its educational activities.

B. The Balance Of Convenience Weighs In Favor Of The Action Filed In The District Of Maine.

The second exception to the first to file rule also favors Fredrick since prosecuting the suit in the District of Maine will not create any inconvenience for SMU. A balance of convenience favoring the venue of a later-filed action precludes application of the first-filed rule. Feinstein, 304 F.Supp.2d at 283. In analyzing the balance of convenience, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and the location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake. Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F.Supp.2d 12, 17 (D. Mass. 2002). Application of those factors compels the conclusion that the District Court of Maine is the appropriate forum for resolving the claims of SMU, and the District of Nevada is not appropriate or convenient.

SMU conducts a significant portion of its programs in conjunction with Saint Joseph's College in Windham, Maine. (Affidavit of Vincent O'Rourke) and Maine is the only District in the United States with any significant contact with SMU or its activities. Thus, prosecution of this suit in Maine will not in any way inconvenience SMU.

In contrast, the District of Nevada is not only inconvenient to Fredrick (quite aside from the fact that he has no constitutionally sufficient minimum contacts with it) (Affidavit of Frederick), but it is also inconvenient to a significant number of witnesses to SMU's programs located in the District of Maine. These witnesses, and documents they control, will be directly relevant to whether or not the challenged statements are defamatory or have harmed SMU's reputation.

Defendant Fredrick has residences in Massachusetts and Florida. (Affidavit of Frederick, ¶ 2; Ex. A to SMU Request for Judicial Notice.) Access to his testimony, witnesses and files is thus more convenient to the District of Maine. The foreign parties to this action, SMU, SABA University and Medical University of the Americas and the great majority of relevant witnesses to the practices of those foreign medical schools and of the other foreign medical schools referenced in the AAIMG articles about which SMU complains are located in the Caribbean. The District of Maine is far more conveniently located for these parties than the District of Nevada, which has no substantial interest in this matter.

The only contact Nevada has with this matter is that AAIMG, which is alleged to be a sham entity, without assets in Nevada or elsewhere, was organized as a Nevada entity. However, AAIMG is not alleged to have carried on any substantial activities in Nevada or to have caused damage within the District of Nevada. (Ex. A to SMU Request for Judicial Notice.)

That SMU elected to bring this matter in Nevada, is not entitled to any significant weight. A foreign corporation's choice of forum is entitled to substantially less deference than that of a domestic corporation. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981); Ravelo Monegro v. Rosa, 211 F.3d 509 (9th Cir. 2000). This rule is particularly appropriate where SMU initially elected to proceed in a jurisdiction which has no interest in the matter complained of by SMU and in which SMU has no interests.

## II.   This Action Should Not Be Transferred To Nevada.

SMU argues that this action should be transferred to Nevada under 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or

division where it might have been brought." Section IB, supra, addresses the factors which courts consider in determining whether a matter should be transferred. For the reasons set forth therein, this case should not be transferred to the District of Nevada particularly since SMU does business in the District of Maine, Nevada has no interest in this matter, and Nevada is not convenient for any party or witness.

### III. Fredrick's Action For Declaratory Relief States A Claim Upon Which Relief Can Be Granted.

SMU argues that Fredrick's complaint, for declaratory relief, fails to state a claim because, according to SMU, the complaint seeks declaratory relief for past events. (SMU Brief at p. 10.) SMU's argument is meritless.

"The federal courts have long recognized in the declaratory judgment setting that once the parties are locked in controversy with stakes fixed by past events, it does not matter who initiates the litigation." Monsanto Co. v. EPA, 19 F.3d 1201, 1204 (7th Cir. 1994), quoting, 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2757, at 585 (2d ed.1983). Indeed, those commentators recognize:

> There is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred. The court is then merely asked, as in any litigation, to determine the legal consequences of past events and it is immaterial that it may be the one allegedly liable, rather than the person to whom [he or she] would be liable, who asks for the judicial determination. The problem is when a declaration is sought on the legal consequences of some act that may or may not occur.

10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, supra, § 2757 at 585-86. Fredrick's Amended Complaint for Declaratory relief states a claim because it sets forth facts showing the existence of an actual controversy within the federal court's subject matter jurisdiction. 28 U.S.C. § 2201; F.E.R. v. Valdez, 58 F.3d 1530, 1533 (10th

Cir. 1995); Monsanto, 19 F.3d at 1204; G. Heileman Brewing Co., Inc. v. Anheuser-Busch Inc., 873 F.2d 985, 989 (7th Cir. 1989).

### IV. Fredrick Filed The Instant Action In The District Of Maine In Good Faith And With A Proper Purpose.

Fredrick filed this action in the District of Maine because he moved to dismiss the Nevada action for lack of personal jurisdiction and because it is the only District in the United States with any significant contact with SMU and its activities and it is the only jurisdiction in the United States in which SMU could have incurred the monetary damages it allegedly suffered due to a decrease in students. Contrary to SMU's assertion, SMU does indeed have a presence in Maine since a significant part of its curriculum is offered in Maine pursuant to an agreement between SMU and St. Joseph's College. (Amended Complaint, ¶ 4; Affidavit of Vincent O'Rourke.) SMU students attend courses and receive instruction at facilities operated by SMU in Windham, Maine as part of the curriculum for matriculation at SMU. (Amended Complaint, ¶ 5; Affidavit of Vincent O'Rourke.)

Fredrick's motivation in filing this suit was not to harass SMU or cause unnecessary delay in the Nevada action. He simply seeks a convenient and appropriate forum with jurisdiction over all relevant parties to resolve claims which have been asserted against him. Rule 11 has no application to this matter.

### CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss or Transfer the Amended Complaint.

*Of counsel:*
Michael P. Angelini
Vincent F. O'Rourke, Jr.
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel. No.: 508-791-3511
mangelini@bowditch.com
vorourke@bowditch.com

April 21, 2006

DAVID L. FREDRICK,
By His Attorneys,

/s/ Barry A. Bachrach
Barry A. Bachrach (002641)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Tel. No.: 508-791-3511
bbachrach@bowditch.com