UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID L. FREDRICK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 06-52-P-H |
| | ) |
| ST. MATTHEW'S UNIVERSITY | ) |
| CAYMAN LTD, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

On March 9, 2006, David Fredrick, a resident of Florida and the President of SABA University School of Medicine, a Netherlands-Antilles Company, brought a complaint in the District of Maine against St. Matthew's University (Cayman) Ltd., a Cayman Islands foreign company. This complaint seeks a declaratory judgment finding that Fredrick has not defamed St. Matthew's University, has not engaged in unfair competition with St. Matthew's, has not interfered with St. Matthew's contractual relationships, and has not interfered with St. Matthew's efforts to obtain accreditation from state and national medical boards. Both SABA and St. Matthew's University offer a medical education to students from the United States and many European and other foreign countries. Indeed St. Matthew's curriculum is offered in Maine in conjunction with Maine-based St. Joseph's College pursuant to an agreement between the two institutions. St. Matthew's now asks the court to dismiss the complaint due to improper venue or for failure to state a claim, impose Federal Rule of Civil Procedure 11 sanctions, or, in the alternative, transfer venue of this case to the District of Nevada where litigation is already pending involving the same parties and the identical issues.

I now recommend that the Court reserve ruling on the motion to dismiss and the motion for Rule 11 sanctions and stay[1] this action pending a decision in the District of Nevada on Fredrick's motion to dismiss for lack of personal jurisdiction. If the Nevada court dismisses Fredrick as a defendant in that multi-party action, I would proceed to issue a recommended decision on the merits of the motion to dismiss for failure to state a claim and the motion for Rule 11 sanctions. If Fredrick is not dismissed in that suit, I recommend that this Court grant the motion to dismiss as all of the issues raised by this complaint can then be fully litigated in the Nevada action.

## Background Facts

On July 7, 2005, St. Matthew's filed an action (Case No. CV-S-05-0848-RCJ(LRL)) in the District of Nevada against the Association of American International Medical Graduates, Inc. ("AAIMG"), a Nevada corporation, and its officers. The Nevada complaint alleges, among other things, deceptive trade practices, fraud and defamation. The operative facts of the complaint concern a website maintained under the auspices of AAIMG that allegedly contained false and misleading information about St. Matthew's and other Caribbean medical schools. Pursuant to somewhat unusual procedure, the entire Nevada action was filed under seal, and the Court authorized ex parte, pre-service discovery to allow St. Matthew's to ascertain the true identities of the individuals behind AAIMG. See St. Matthew's University School of Medicine (Cayman) v. Association of American International Medical Graduates, et. al., Civ. No. S-05-0848-RCJ

---

[1] Since neither party suggested a stay as a reasonable alternative, I held a brief telephonic conference with counsel to advise them of the tenor of this recommended decision and obtain their input on the notion of proceeding in this fashion. Neither party articulated a reason why a stay while awaiting ruling from the Nevada court would work a particular hardship for that party. Defendant seeks to retain the right to press the Rule 11 request for sanctions. Plaintiff, of course, believes such sanctions are unwarranted. Nothing in this recommended decision would prevent defendant from pressing his Rule 11 motion in the event this court dismissed this action after the Nevada court rules on Fredrick's motion and the recommendation explicitly provides that if the case is not dismissed because of the first-filed rule after the Nevada court rules on the jurisdictional motion, the request for sanctions and the Rule 12(b)(6) component of the motion to dismiss will be addressed.

(LRL) (D. Nev. 2005). After discovery efforts on the part of St. Matthew's, it amended its Nevada complaint to name additional defendants, including the plaintiff in the Maine action, David Fredrick, and Fredrick's wife, Dr. Patricia Hough. St. Matthew's first amended complaint in the Nevada action, dated October 28, 2005, includes allegations of falsification of documents submitted to the Secretary of State of Nevada, and violations of the Lanham Act, section 43, 15 U.S.C. § 1125, in the form of false statements in advertising and false designation of origin. St. Matthew's also alleges that Fredrick and Hough conspired together and with the other named Nevada defendants to commit such acts and that each is the agent of the other. In recent filings by St. Matthew's in the Nevada action, it has alleged and submitted documents in support of allegations that a significant amount of the operations and fraudulent activities of the defendants in the Nevada action occurred through the use of a computer in the residence of Fredrick and Hough, using an internet access account containing Fredrick's name, accessed by dialup modem via a telephone line and number located at Fredrick's residence and registered under the name of Hough.

 St. Matthew's served Fredrick on December 30, 2005, and Fredrick filed several motions in the Nevada action, including a motion to dismiss for lack of personal jurisdiction, dated February 15, 2006. Briefing on Fredrick's Nevada motions has been completed and the matter is now pending before Judge Brian Sandoval in the District Court of Nevada. (No hearing has yet been noticed.) Fredrick's wife, Hough, made no challenge to personal jurisdiction in Nevada, but also has pending in Nevada pretrial motions on venue and under Federal Rule of Civil Procedure 12(b)(6).

 Since before his service in the Nevada action, Fredrick engaged in settlement discussions with St. Matthew's over the course of weeks. (Kronenberger Decl. ¶ 4.) Also, upon motion by St.

Matthew's, the Court in the Nevada action has ordered that the seal in that case be lifted, as the purpose of the seal was to enable St. Matthew's to identify and serve Fredrick and the other defendants, who had allegedly engaged in a pattern of fraud and who were alleged to be actively hiding their true identities.  More than two months after Fredrick had been served and had appeared in the Nevada Action, on March 9, 2006, he filed this Maine action seeking declaratory relief on the exact issues that are being litigated in the Nevada action.  Fredrick's complaint and amended complaint in the Maine action have an attached letter from St. Matthew's counsel to Fredrick's counsel, dated December 5, 2005.  This letter contains a recitation of alleged damages incurred by St. Matthew's resulting from Fredrick's wrongful and illegal acts and those of Fredrick's co-defendants in the Nevada action.

## Discussion

St. Matthew's brings this motion to dismiss claiming this Maine action is duplicitous of the first-filed Nevada action.  St. Matthew's also claims there is no actual and present controversy between the parties for the purposes of an action for declaratory relief in Maine and the action should be dismissed for failure to state a claim. Lastly, St. Matthew's requests, pursuant to Federal Rule of Civil Procedure 11, that the Court order Fredrick to pay sanctions, attorneys fees, and costs incurred by St. Matthew's in defending this Maine action.  The alternative requested relief is that venue of this action be transferred to the District of Nevada.

Section 1406(a) of title 28 of the United States Code provides grounds for a dismissal or transfer of an action in any instance when venue is improper.  St. Matthew's argues that Fredrick's violation of the "first-filed rule" supports the conclusion that proper venue for Fredrick's declaratory judgment action is the District of Nevada and that, pursuant to the statutory provision it cites, this court should dismiss the action, or, alternatively, transfer the

4

complaint to Nevada.  Under the "first-filed rule," preference is given to the first of two duplicative actions proceeding in different federal courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987).  The first-filed rule has been acknowledged in the First Circuit. See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir.2000) (involving federal cases in Massachusetts and Washington, D.C.); TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 2 (1st Cir.1996) (involving federal cases in New Hampshire and Texas); Cianbro Corp., 814 F.2d at 11(involving federal cases in New Hampshire and Maine).  Courts in this circuit have also acknowledged that in some instances there may be sufficient special circumstances to disregard the first-filed rule.  Nortek, Inc. v. Molnar, 36 F.Supp.2d 63, 71 (D.R.I. 1999) (suggesting the parties "shuffle off to Buffalo" to resolve the underlying contract dispute under New York law rather than proceeding in Rhode Island on the first-filed declaratory judgment action brought by the employer in an employment contract dispute with former employee).

The principle underlying the first-filed rule is that federal district courts -- sister courts of coordinate jurisdiction and equal rank -- should, in the interests of comity and sound judicial administration, normally dismiss or transfer the second-filed action when two identical actions are filed in courts of concurrent jurisdiction. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir. 1985).  While admittedly exceptions to that general rule have developed, none of those exceptions are even arguably applicable to these facts.  The sole issue Fredrick attempts to raise is whether two sister courts actually have concurrent jurisdiction at this time.  According to Fredrick, his pending motion to dismiss for lack of personal

jurisdiction in the District of Nevada negates the applicability of the first-filed ruled because the District of Nevada is not a court with concurrent jurisdiction over him. But that proposition is preposterous, until and unless the district court in Nevada rules that it does not have personal jurisdiction vis-à-vis Fredrick. It would be improper, as all parties acknowledge, for this court to rule that the District of Nevada could or could not properly exercise personal jurisdiction over Fredrick in the lawsuit pending in Nevada. Thus it appears to me that it would be premature for this court to either dismiss this action or transfer the action to Nevada under 28 U.S.C. § 1406 based upon improper venue. Obviously if Nevada does not have jurisdiction over Fredrick, Maine venue appears as reasonable as either of the states where Fredrick claims there might be personal jurisdiction over him but which arguably have no personal jurisdiction over St. Matthew's.

It also is evident that it is simply a waste of judicial resources for this court to determine the merits of the Rule 12(b)(6) motion to dismiss for failure to state a claim for declaratory relief when that complaint is the mirror image of the lawsuit pending in Nevada and those issues can be fully addressed in the Nevada forum if that court has personal jurisdiction over Fredrick. There is no question in my mind that the core issues Fredrick raises in his declaratory judgment count will be resolved in the Nevada court if it assumes jurisdiction over Fredrick (along with the other defendants in that action). In that scenario there would never be a valid reason to transfer this case to Nevada. Fredrick requests no relief other than a declaration of his rights vis-à-vis the allegations made by St. Matthew's. If Fredrick remains a defendant in Nevada, this action can be dismissed.

Courts have recognized the practical dilemmas that rigid adherence to the first-filed rule can create and have suggested that sometimes the court that received the second filing might

6

choose to stay that action as the most appropriate plan of attack.  See West Gulf Maritime Ass'n., 751 F,2d at 729 n.1 ("A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred.").  In the present situation that course of action strikes me as eminently sensible.  When the dust finally settles in the Nevada desert, St. Matthew's may decide it wants this case to proceed and might even want to bring its own counterclaim against Fredrick in this forum.  In the meantime, with a stay in place, the parties are not needlessly expending time and money litigating on two fronts.  With the stay in place there is no danger of inconsistent rulings between this court and the Nevada court nor is Fredrick placed in the situation wherein, if he does remain in the Nevada action, he might be collaterally estopped because of factual findings made in this forum pertinent to the Nevada litigation. Having reviewed the Nevada docket it is apparent to me that the litigation in that court is much more complex than this particular declaratory judgment action.  There are currently motions to dismiss filed by other defendants pending and awaiting decision. Thus if this case were not stayed until the Fredrick's Nevada motion to dismiss is resolved, it appears that it would be ready for trial much more quickly than the Nevada case.  For one thing, this case as presently postured would involve no economic discovery regarding St. Matthew's alleged damages, probably an issue that will lengthen the pretrial discovery in the Nevada case.  Additionally this district normally only allows six months to complete all discovery in a case such as this one.  Given these considerations, staying this Maine action is the alternative that best serves the interests at stake for both parties and the court.

**Conclusion**

Based upon the foregoing, I recommend that this action be stayed pending resolution of David Fredrick's motion to dismiss in the District of Nevada.  In the event that motion is denied, I recommend that the court apply the first-filed rule and **grant** this motion to dismiss.  In the event Fredrick's Nevada motion is granted, the stay should be lifted and this court should rule upon the other issues raised in the motion to dismiss pending in this court.  If the Court accepts this recommendation, it shall be incumbent upon counsel for St. Matthew's University, as movant in this dispute, to notify this court when the District of Nevada has ruled upon Fredrick's pending motion in that action.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 12, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge